# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **SCOTT WHITEHEAD,** )  | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CASE NO.: _____** |
| ) | |
| **GREENPOINT AG HOLDINGS, LLC,** ) | |
| **RANCO FERTISERVICE, INC., et al.** ) | |
| ) | |
| **Defendants.** ) | |

## NOTICE OF REMOVAL

COMES NOW Defendant Ranco Fertiservice, Inc., pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and hereby removes this action filed by Plaintiff Scott Whitehead in the Circuit Court of Morgan County, Alabama, to the United States District Court for the Northern District of Alabama, Northeastern Division. In support of this Notice, Ranco shows the following:

### A.    PROCEDURAL BACKGROUND

1.    Any civil case filed in state court may be removed by the defendant to federal court if the case could have originally been brought in federal court. 28 U.S.C. § 1441(a). For jurisdiction to be proper on the grounds of diversity, there must be a diversity of citizenship between the parties and the requisite amount in controversy must be present. 28 U.S.C. § 1332(a).

2. This action was commenced by Whitehead on June 21, 2023, with the filing of the Complaint in the Circuit Court of Morgan County, Alabama, Case No. 52-CV-2023-900229.00. The documents attached hereto as Exhibit A constitute all of the process and pleadings served and filed in this action to date, pursuant to 28 U.S.C. § 1446(a).

3. Both Defendants were properly served by certified mail on June 26, 2023. As less than 30 days have passed since the service of the first served Defendant, Ranco has complied with the thirty-day filing requirement for this notice of removal.

4. Therefore, this Notice of Removal is filed within the period of time required by 28 U.S.C. § 1446(b)(1) in the United States District Court for the Northern District of Alabama, Northeastern Division, which is within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. § 1441(a).

5. Promptly after the filing of this Notice, Ranco is filing a copy with the Clerk of the Circuit Court of Morgan County, Alabama, as required by 28 U.S.C. § 1446(d).

### B. FACTUAL BACKGROUND

6. This is a products liability case against Ranco. Whitehead's Complaint alleges injuries as a result of an allegedly "defective and unreasonably dangerous

Ranco battery-powered tripper conveyor … in Decatur, Alabama on May 24, 2022." (Compl. ¶ 6). The Complaint also seeks worker's compensation benefits from Defendant GreenPoint Ag Holdings, LLC "because the explosion and the resulting injuries occurred while Mr. Whitehead was working within the line and scope of his job duties at GreenPoint Ag." (Compl. ¶ 6).

7. Whitehead alleges that his injuries were caused due to the negligent and wanton conduct of Ranco. He asserts negligence and wantonness claims as well as claims under the Alabama Extended Manufacturers Liability Doctrine and for breach of warranties of merchantability and of fitness for a particular purpose against Ranco. (Compl. ¶¶ 14-32).

8. Whitehead further alleges that, at the time of the incident, he was employed by and working within the line and scope of his employment with GreenPoint Ag. He includes a worker's compensation claim against GreenPoint Ag in his Complaint. (Compl. ¶¶ 33-39).

### C. DIVERSITY OF THE PARTIES

9. For purposes of diversity jurisdiction, citizenship of the parties is determined as of the time the complaint is filed. *Harris v. Garner*, 216 F.3d 970, 983 (11th Cir. 2000) (citing *Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991); *Wichita R.R. & Light Co. v. Public Utilities Comm'n of Kansas*, 260 U.S. 48, 54 (1922)).

10. An individual, for diversity jurisdiction purposes, is a citizen of a State if he or she is a citizen of the United States and a domiciliary of that state. *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001). Domicile is determined by two factors: residence and intent to remain. *Id.*; *Scoggins v. Pollock*, 727 F.2d 1025, 1026 (11th Cir. 1984).

11. On information and belief, Whitehead is a citizen of the State of Tennessee. (Compl. ¶ 1).

12. A limited liability company, for diversity purposes, "is a citizen of every state that any member is a citizen of." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017).

13. GreenPoint Ag is a foreign LLC with its principal office located in Decatur, Morgan County, Alabama. (Compl. 2). Ranco does not know the identity or the citizenship of the members of GreenPoint Ag. However, as discussed below, GreenPoint Ag was fraudulently joined in this products liability suit against Ranco. Therefore, its citizenship should not be considered for purposes of diversity jurisdiction. *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998). The worker's compensation claim against GreenPoint Ag is due to be severed and remanded to state court.

14. A corporation, for diversity jurisdiction purposes, is deemed to be a citizen of both its state of incorporation and the state where it maintains its principal

place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where the corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). *See also Annon Consulting, Inc. v. Bionitrogen Holdings Corp.*, 2016 U.S. App. LEXIS 9695, at *3 (11th Cir., May 27, 2016). In practice, this should normally be where the corporation maintains its headquarters. *Id.*

15. Ranco is a foreign corporation with its principal place of business in Sioux Rapids, IA. (Compl. ¶ 3). Thus, Ranco is not a citizen of the State of Alabama.

16. Accordingly, the parties, other than the fraudulently joined Defendant GreenPoint Ag, are completely diverse in accordance with 28 U.S.C. § 1332.

### D.   FRAUDULENT JOINDER OF GREENPOINT AG

17. GreenPoint Ag was improperly joined as a Defendant in this action and its citizenship should not be considered for diversity jurisdiction.

18. Whitehead asserts claims for benefits under the Alabama Worker's Compensation Act against GreenPoint Ag, as he alleges that he was within the line and scope of his employment at the time of the subject incident.

19. Rule 20(a)(2) of the Federal Rules of Civil Procedure provides that a party may be joined as a Defendant if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question

of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). When the dual requirements of Rule 20(a)(2) are not met, the joinder is fraudulent and the non-diverse defendant should not be considered in the Court's diversity analysis. *Triggs*, 154 F.3d at 1287.

20. In the present case, there are no common issues of law between GreenPoint Ag and Ranco. Whitehead's claims against Ranco are products liability claims, tort claims, and/or breach of warranty claims. They concern whether Ranco acted culpably in the designing, manufacturing, distributing, marketing, selling, and/or providing adequate warnings for a battery-powered tripper device.

21. In contrast, the worker's compensation claim against GreenPoint Ag is part of a separate, statutorily created "no-fault" system. *See Muhammad v. Laidlaw Transit, Inc.*, 917 So. 2d 842, 849 (Ala. Civ. App. 2005) (noting "claims for workers' compensation benefits are commonly, and correctly, understood as based upon a no-fault system of liability"). The factual and legal determinations involved in that claim will not concern whether Ranco acted culpably at the time of this accident, but instead whether the incident could be considered "an accident arising out of and in the course of [Whitehead's] employment." *Hospice Family Care v. Allen*, 218 So. 3d 1222, 1228 (Ala. Civ. App. 2016). This is a wholly separate determination which will revolve around the details of Whitehead's employment situation rather than the specifics of the incident. The worker's compensation claim thus has no relation to

the claims asserted against Ranco, all of which relate to the designing, manufacturing, distributing, marketing, selling, and/or providing adequate warnings for product in question.

22. The only common issues of fact between the worker's compensation claims against GreenPoint Ag and the products liability, tort, and breach of warranty claims against Ranco are that there was an incident and Whitehead was allegedly injured. However, the products liability, tort, and breach of warranty claims and the worker's compensation claims will handle these injuries through an entirely separate legal framework. Whitehead's damages in the worker's compensation claim are statutorily dictated and based on calculations made under the set statutory scheme based upon Whitehead's degree of disability and average weekly earnings. Fault does not enter into this analysis. *See Ala. Code* §§ 25-5-52, 25-5-57; *see also Formosa v. Lowe's Home Ctrs., Inc.*, 806 F. Supp. 2d 1181, 1190 (N.D. Ala. Aug. 15, 2011) ("In a workers' compensation case, the damages are statutorily dictated."). In contrast, the damages in Whitehead's tort claims are based upon fully compensating Whitehead for his alleged injuries and his alleged pain and suffering and mental anguish, and upon punishing Ranco for alleged wantonness. *Id.* ("Pain and suffering damages are not separately allowable in worker's compensation cases," while they are recoverable in claims "grounded in tort").

23. As the issues involved in Whitehead's claims against GreenPoint Ag are totally different from those in his claims against Ranco, GreenPoint Ag was wrongfully joined as a Defendant in this action and therefore should not be considered in this Court's diversity analysis.

24. Alternatively, even if this Court does not believe Whitehead's worker's compensation claims were fraudulently joined, this Court should still sever the claim against GreenPoint Ag. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.") *See also Ingram v. CSX Transp.*, 146 F.3d 858, 863 (11th Cir. 1998) (stating that the authority given to district courts by Rule 21 allows them "to dismiss dispensable, non-diverse parties to cure defects in diversity jurisdiction.").

25. Alabama state courts, when faced with joined worker's compensation and tort claims, frequently sever them due to the significant differences between the types of claims. *See Raines v. Browning-Ferris Indus.*, 638 So. 2d 1334, 1337 (Ala. Civ. App. 1993) ("We note, however, that the usual procedure where a claimant has filed a complaint seeking both workmen's compensation and tort relief is for these two claims to be severed.")

26. The Eleventh Circuit has made it clear that district courts have the power to sever and remand worker's compensation claims, while retaining

jurisdiction over other claims asserted in federal court. *See Reed v. Heil Co.*, 206 F.3d 1055, 1057 (11th Cir. 2000) (holding that a "district court lacked jurisdiction to entertain [a worker's compensation] retaliatory discharge claim," but that a separate "ADA claim, however, was properly before the district court," and severing and remanding only the worker's compensation claim).

27. Following the Eleventh Circuit's lead, many Alabama district courts have chosen to sever and remand worker's compensation claims while retaining jurisdiction over other claims properly in federal court. *See, e.g., Formosa*, 806 F. Supp. 2d at 1192 ("Because subject matter jurisdiction otherwise exists over these claims based on diversity jurisdiction, the court may retain jurisdiction over Counts Two through Four . . . ."); *Lamar v. Home Depot*, 907 F. Supp. 2d 1311, 1314 (S. D. Ala. Dec. 3, 2012) ("The inclusion of a non-removable worker's compensation claim in the same lawsuit did not render removal of the action improper under either that statute or Section 1445(c). Instead, the presence of the worker's compensation claim triggered Section 1445(c) as to only that claim and required remand of only that claim."); *Wilson v. Dominion Mgmt., LLC*, No. 10-00078, 2010 U.S. Dist. LEXIS 38556, at *3 (S. D. Ala., Mar. 29, 2010) ("The appropriate remedy when a properly removed case includes a claim captured by Section 1445(c) is to remand the worker's compensation claim to state court.").

28. In *Formosa*, Judge Blackburn provided a thorough explanation of why worker's compensation claims should be severed from the type of claims against Ranco brought here:

> [T]his court finds that severance of a worker's compensation claim from AEMLD claims is proper for several reasons. First, worker's compensation claims are expedited in state court and generally resolve much faster than AEMLD claims. *See Ex parte Publix Super Markets, Inc.*, 963 So. 2d 654, 661 (Ala. Civ. App. 2007) ("Section 25-5-88, Ala. Code 1975, requires circuit courts to expedite the trial and determination of workers' compensation cases"). Second, the claims differ as to the damages that are recoverable. In a worker's compensation case, the damages are statutorily dictated. *See* Ala. Code 1975 § 25-5-52 ("Except as provided by this chapter, no employee . . . shall have a right to any other method, form, or amount of compensation or damages for an injury or death occasioned by an accident . . . proximately resulting from and while engaged in the actual performance of the duties of his or her employment."). For example, compensation for injury resulting in "temporary total disability" under the Workers' Compensation Act "shall be 66 2/3 percent of the average weekly earnings received at the time of injury," subject to a maximum and minimum compensation, while compensation for "permanent partial disability" shall be 66 2/3 percent of the average weekly earnings during the number of weeks specified by statute, which varies by body part lost. *Id.* §§ 25-5-57(a). Pain and suffering damages are not separately allowable in worker's compensation cases, but they are recoverable in AEMLD claims. *See White Consol Indus., Inc. v. Wilkerson*, 737 So. 2d 447, 449 (Ala. 1999) (as an AEMLD claim is "grounded in tort," plaintiff can recover damages for mental anguish if plaintiff also suffered physical injury or was in the "zone of danger").

806 F. Supp. 2d at 1190. This reasoning applies with equal force to this case.

29. Whitehead's claim against GreenPoint Ag does not control the Court's analysis of its jurisdiction over Whitehead's claims against Ranco, either because that claim was improperly joined or because this Court should exercise its discretion and sever and remand that claim under Fed. R. Civ. P. 21. Therefore, complete diversity is present in this case.

### E. AMOUNT IN CONTROVERSY

30. In order for a case to be removable, there must also be at least $75,000 in controversy, exclusive of interest and costs. 28 U.S.C. § 1332(a).

31. Whitehead's Complaint alleges that he was injured as a result of an incident involving a battery-powered tripper device while working for GreenPoint Ag in Morgan County, Alabama (Compl. ¶ 10). Specifically, Whitehead alleges that he was "struck in his left hand, wrist, head, and face by shrapnel-like pieces of the control panel, charging port, or control panel box and violently thrown to the floor of the overhead catwalk at the GreenPoint Ag facility and knocked unconscious." (*Id.*). He further alleges that as a result of this incident, he suffers from and will continue to suffer from "severe pain, permanent disfigurement, physical impairments, mental anguish, and financial damages such as expenses for past and future medical treatment." (Compl. ¶¶ 19, 23, 28, 32).

32. Whitehead alleges that his injuries were caused by the negligent and wanton conduct of Ranco, and asserts negligence and wantonness claims as well as

claims under the Alabama Extended Manufacturers Liability Doctrine and for breach of warranties of merchantability and of fitness for a particular purpose. (Compl. ¶¶ 14-32).

33. Whitehead's Complaint contains *ad damnum* clauses following each Count, although no specific dollar amount is identified or sought. However, the Complaint seeks the recovery of damages based on Ranco's allegedly negligent <u>and wanton</u> conduct. As Whitehead alleges wanton conduct, he could be entitled to punitive damages in addition to compensatory damages.

34. According to recent decisions in the Northern District of Alabama, Whitehead's Complaint establishes the requisite amount in controversy on its face, as it asserts claims under the AEMLD and of negligence, wantonness, and breach of warranty, and therefore entitles Whitehead to compensatory, pain and suffering, mental anguish, and punitive damages. *See Bush v. Winn Dixie Montgomery, LLC*, 132 F.Supp.3d 1317, 1318-1322 (N.D. Ala., 2015) (granting plaintiff's motion to remand, holding that the defendant failed to timely remove within thirty (30) days of receipt of plaintiff's summons and complaint where complaint contained a wantonness claim and alleged significant personal injuries, though it did not contain a quantified amount of damages being sought); *Green v. Wal-Mart Stores East, L.P.*, 2014 U.S. Dist. LEXIS 166805, *2 (N.D. Ala. Dec. 2, 2014) ("In her complaint, [plaintiff] alleges both that the defendant's negligence caused her to suffer mental

anguish and that its wantonness entitled her to punitive damages. … Plaintiff conspicuously makes no formal or express disclaimer to damages in excess of $74,999. Therefore, under up-to-date Eleventh Circuit jurisprudence it is apparent that the amount in controversy in this case exceeds the sum of $75,000."); *Smith v. State Farm & Casualty Co.*, 868 F. Supp. 2d 1333, 1334 (N.D. Ala. 2012) (holding that plaintiffs "who want to pursue claims against diverse parties in state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that the plaintiff will never accept more. Otherwise, a plaintiff will find herself in a federal court…").

35. In *Bush*, *supra,* this Court granted the plaintiff's motion to remand, holding that the defendant failed to timely file its removal notice within thirty (30) days of receipt of plaintiff's summons and complaint. *See Bush*, 132 F.Supp.3d at 1321-1322. Despite the fact the Complaint contained no *ad damnum* clause and failed to specify the alleged body parts that were injured as a result of the complained of incident, the Court noted that "the Eleventh Circuit…has finally acknowledged the self-evident, namely, that a plaintiff like Bush, who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than

$75,000." *Id*. at 1318. In *Bush*, Judge Acker further opined, "This new opening of the federal courts of Alabama to non-resident defendants has taken away the artificial and unfair obstacle to removal erected by Alabama plaintiffs, namely, the expedient of leaving out an ad damnum clause." *Id.* at 1318-1319. "This court has since 2010 reversed course and held that a plaintiff like Bush who wants to stay in her chosen forum must formally acknowledge a $74,999.99 limitation on any recovery." *Id*. at 1319 (citing *Smith*, 868 F.Supp.2d 1333 (N.D. Ala. 2012)).

36. In the present case, Ranco denies liability to Whitehead in any amount. However, Ranco does not dispute that the amount in controversy exceeds $75,000.00. Moreover, Whitehead does not formally acknowledge a $74,999.99 limitation on any recovery.

37. Based upon the above-cited cases from the Northern District of Alabama, it is facially apparent from Whitehead's Complaint that the amount in controversy exceeds the jurisdictional requirement and removal is proper under 28 U.S.C. ¶¶ 1332 and 1446.

  **F. CONSENT TO REMOVAL BY GREENPOINT AG IS NOT REQUIRED**

38. As addressed at length above, Ranco is the only properly joined and served Defendant. Therefore, consent by GreenPoint Ag to this removal is not required. 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under

14

section 1441(a), all defendants *who have been properly joined* and served must join in or consent to the removal of the action.") (emphasis added).

39.   While consent by GreenPoint Ag is not required, the undersigned reached out to the attorney representing GreenPoint Ag in this matter on July 24, 2023, about this removal. Later the same day, counsel for GreenPoint Ag responded and said the following: "I expect that my client's position would be neutral. I do not oppose the removal of the lawsuit and remand of the Worker's Compensation claim to state court."

40.   Even so, if this Honorable Court determines that consent to removal by GreenPoint Ag is required and has not been given despite the email from counsel for GreenPoint Ag to the undersigned, GreenPoint Ag should in the alternative be realigned as a Plaintiff in this case.

41.   "Federal courts are required to realign the parties in an action to reflect their interests in the litigation. The parties themselves cannot confer diversity jurisdiction upon the federal courts by their own designation of plaintiffs and defendants." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (citing *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941)). Similarly, "parties cannot *avoid* diversity by their designation of the parties." *Id.* (emphasis in original). Instead, it is the Court's duty "'to look beyond the pleadings

15

and arrange the parties according to their sides in the dispute.'" *Id.* at 1313-14 (quoting *Northbrook Nat'l Ins. Co. v. Brewer*, 493 U.S. 6, 16 n. 5 (1989)).

42. If Ranco is found liable to Whitehead, then GreenPoint Ag will be entitled to reimbursement of the damages awarded to Whitehead and paid by GreenPoint Ag under the Alabama Workers' Compensation Act. *See* Ala. Code § 25-5-11(a); *Trott v. Brinks, Inc.*, 972 So. 2d 81, 83 (Ala. 2007). Therefore, the interests of Whitehead and GreenPoint Ag are aligned as it relates to the claims asserted against Ranco in this lawsuit, as both have an interest in proving that Ranco is responsible for the alleged incident and the injuries allegedly suffered by Whitehead. To be sure, GreenPoint Ag has admitted that Whitehead suffered a compensable, on-the-job injury as alleged by Whitehead. (GreenPoint Ag Answer, second unnumbered paragraph on p. 1). Two of GreenPoint Ag's six affirmative defenses claim reimbursement of benefits paid out of any recovery to Whitehead on his claims against Ranco. (GreenPoint Ag's Answer, Third Defense and Sixth Defense on p. 2).

43. The United States Supreme Court has recognized that "[l]itigation is the pursuit of practical ends, not a game of chess." *Indianapolis*, *supra*, 314 U.S. at 69. "Whether the necessary 'collision of interests' exists, is therefore not to be determined by mechanical rules," but instead "must be ascertained from the

'principal purpose of the suit' and the 'primary and controlling matter in dispute.'" *Id.* (internal citations omitted).

44. In this case, the primary and controlling matter in dispute is whether Ranco is culpable for the alleged incident involving a battery-powered tripper and the injuries allegedly suffered by Whitehead as a result. The principal purpose of the suit is to establish culpable action on the part of Ranco; that is what Whitehead and GreenPoint Ag want, and what Ranco does not want. *See id.* at 74 ("What Chase wants, Indianapolis gas wants, and the City does not want."). As such, in the event the Court concludes that GreenPoint Ag's consent is necessary to this removal and has not been provided, then GreenPoint Ag should be realigned as a Plaintiff.

### G.  CONCLUSION

45. Ranco has satisfied all procedural requirements with respect to timing, diversity of citizenship, and amount in controversy, and removal is therefore proper regarding Whitehead's claims against Ranco. *See* 28 U.S.C. §§ 1332, 1441, and 1446.

46. Whitehead's worker's compensation claim against GreenPoint Ag has been improperly joined to this action, and therefore that claim alone should be severed and remanded to the Circuit Court of Morgan County, Alabama.

WHEREFORE, PREMISES CONSIDERED, Ranco respectfully requests that this cause, now pending before the Circuit Court of Morgan County, Alabama,

be removed to the United States District Court for the Northern District of Alabama, Northeastern Division.

Respectfully submitted this the 26th day of July 2023.

/s/ *Jeffrey G. Miller*
BRETT A. ROSS          ASB-6771-O76B
JEFFREY G. MILLER    ASB-2236-J53M
Attorneys for Ranco Fertiservice, Inc.

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:  (205) 822-2006
Facsimile:  (205) 822-2057
Email:        bross@carrallison.com
                 jmiller@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of July 2023, I have served a true and correct copy of the above and foregoing Notice of Removal on counsel for all represented parties by CM/ECF electronic filing:

    \_\_\_\_\_Facsimile transmission;
    \_\_\_\_\_Hand Delivery;
    \_\_\_\_\_Placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid to; and/or
    \_XX\_ Using the Alafile or CM/ECF system which will send notifications of such to the following:

| | |
|---|---|
| Tara L. Helms<br>M. Clay Martin<br>Martin & Helms, P.C.<br>2317 Market Place SW, Ste. A<br>Huntsville, AL 35801<br>helms@martinhelms.com<br>martin@martinhelms.com<br>(Counsel for Plaintiff Scott Whitehead) | Christopher C. Shepherd<br>100 Concourse Parkway, Suite 155<br>Birmingham, AL 35244<br>christopher.shepherd@thehartford.com<br>(Counsel for Defendant GreenPoint AG Holdings, LLC) |

 

*/s/ Jeffrey G. Miller*
OF COUNSEL