FILED
2023 Jul-26  PM 03:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit

# A

ELECTRONICALLY FILED
6/21/2023 4:57 PM
52-CV-2023-900229.00
CIRCUIT COURT OF
MORGAN COUNTY, ALABAMA
CHRIS PRIEST, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93    Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case 52<br><br>Date of Filing:  Judge Code:<br>06/21/2023 |
|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA**
**SCOTT WHITEHEAD v. GREENPOINT AG HOLDINGS, LLC. ET AL**

**First Plaintiff:** ☐ Business ☑ Individual   **First Defendant:** ☑ Business ☐ Individual
☐ Government ☐ Other    ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☑ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☑ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☑ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER

R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**    ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

MAR105          6/21/2023 4:57:52 PM          /s/ M CLAY MARTIN
_____          _____          _____
                          Date                          Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**    ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☑ NO

ELECTRONICALLY FILED
6/21/2023 4:57 PM
52-CV-2023-900229.00
CIRCUIT COURT OF
MORGAN COUNTY, ALABAMA
CHRIS PRIEST, CLERK

## IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

| | |
|---|---|
| SCOTT WHITEHEAD,      ) | |
|      ) | |
| **Plaintiff,**      ) | |
|      ) | |
| **v.**      ) | **CV No.:** _____ |
|      ) | |
|      ) | |
| **GREENPOINT AG HOLDINGS, LLC.;**   ) | |
| **RANCO FERTISERVICE, INC.;**      ) | |
| **Fictitious Party Defendants A, B, C and**   ) | |
| **D, being those individuals, partnerships,**   ) | |
| **corporations or other entities who**      ) | |
| **designed, manufactured and/or marketed** ) | |
| **and sold the battery-powered tripper**    ) | |
| **conveyor which included a control panel**   ) | |
| **that ignited and exploded on May 24,**    ) | |
| **2022, causing Scott Whitehead to suffer**   ) | |
| **severe, life-altering injuries; and**     ) | |
| **Fictitious Party Defendants E, F, and G,**   ) | |
| **being those individuals, partnerships,**    ) | |
| **corporations or other entities whose**     ) | |
| **actions and/or inactions caused or**      ) | |
| **contributed to the explosion on May 24,**   ) | |
| **2022, which resulted in Scott Whitehead**   ) | |
| **suffering severe, life-altering injuries,**    ) | |
| **whose names and identities are unknown** ) | |
| **to Plaintiff at this time, but will be**     ) | |
| **substituted by amendment once**      ) | |
| **ascertained,**      ) | |
|      ) | |
|      ) | |
| **Defendants.**      ) | |

## COMPLAINT

**PLEASE NOTE:**    Plaintiff's First Set of Interrogatories and Request for Production to Defendant RANco Fertiservice, Inc. and Plaintiff's First Set of Interrogatories, Request for Production, and Request for Admission to Defendant GreenPoint Ag Holdings, LLC. have been served with this Complaint.  If you do not receive it, please telephone the undersigned attorneys' office and a copy will be sent to you immediately.

## PARTIES

1.    Plaintiff Scott Whitehead is over the age of nineteen (19) years and a resident and citizen of Petersburg, Lincoln County, Tennessee.

2.    Defendant GreenPoint Ag Holdings, LLC. (herein also referred to as "GreenPoint Ag"), is a foreign limited liability company with its principal place of business in Decatur, Morgan County, Alabama. At all relevant times hereto, Plaintiff Scott Whitehead was employed in a managerial role for GreenPoint Ag Holdings, LLC., at its facility located in Decatur, Morgan County, Alabama.

3.    Defendant RANco FertiService, Inc. (herein also referred to as "Ranco"), is a foreign corporation with its principal place of business in Sioux Rapids, Iowa, which is in the business of manufacturing, supplying and selling fertilizer blending and handling equipment including to customers within the state of Alabama.

4.    Fictitious Party Defendants A, B, C and D are those individuals, partnerships, corporations or other entities who designed, manufactured, and/or marketed and sold the battery-powered tripper conveyor which included a control panel that ignited and exploded on May 24, 2022, causing Scott Whitehead to suffer severe, life-altering injuries, whose names and identities are unknown to Plaintiff at this time, but will be substituted by amendment once ascertained.

5.    Fictitious Party Defendants E, F, and G are those individuals, partnerships, corporations or other entities whose actions and/or inactions caused or contributed to the explosion on May 24, 2022, which resulted in Scott Whitehead suffering severe, life-altering injuries, whose names and identities are unknown to Plaintiff at this time, but will be substituted by amendment once ascertained.

## FACTUAL ALLEGATIONS

6.    This is a civil action seeking damages against Defendant Ranco and/or Fictitious Party Defendants A-D for the severe personal injuries suffered by Plaintiff Scott Whitehead in an explosion caused by and directly resulting from the defective and unreasonably dangerous Ranco battery-powered tripper conveyor being utilized by GreenPoint Ag at its facility in Decatur, Alabama on May 24, 2022. Plaintiff also seeks workers compensation benefits from Defendant GreenPoint Ag because the explosion and resulting injuries occurred while Mr. Whitehead was working within the line and scope of his job duties at GreenPoint Ag.

7.    At all times relevant hereto, Defendant Ranco and/or Fictitious Party Defendants A-D manufactured, created, designed, tested, labeled, supplied, marketed, sold, advertised and/or otherwise distributed in interstate commerce, including within the state of Alabama a battery-powered tripper unit to be used with Defendant Ranco's tri-roller conveyor. The Ranco tri-roller conveyor with battery-powered tripper was promoted, distributed and/or sold as material handling equipment to be utilized in the blending, handling and sorting of fertilizer products.

8.      The GreenPoint Ag facility in Decatur, Alabama, at all times relevant hereto, utilized a Ranco-designed and manufactured tri-roller conveyor system which includes a battery-powered tripper unit. The conveyor system is suspended overhead via a tower and catwalk system and is used to transport or move fertilizer products throughout the GreenPoint Ag facility. The battery-powered tripper unit is mobile and can be moved up and down the overhead tri-roller conveyor to catch fertilizer product being conveyed and redirect it into the appropriate storage bin for the specific fertilizer product. The tripper unit is powered by rechargeable batteries which are connected to the tripper's control panel. Both the tripper's rechargeable battery system and control panel are encased within a sealed box (herein also referred to as the "control panel box") at the rear of the tripper unit. The battery-powered tripper is designed to be recharged by plugging one end of an AC power cord into a standard 120 volt electrical outlet and connecting the other end of the power cord to the 120 vac receptacle (referred to herein as the "charging port") located on the outside of the control panel box.

9.      On or about May 24, 2022, Scott Whitehead, while working within the line and scope of his employment with GreenPoint Ag, walked upstairs to the catwalk at the GreenPoint Ag facility in Decatur, Alabama to disconnect the power cord being used to recharge the battery-powered tripper on the overhead conveyor line. At that time, the charging cycle for the tripper was complete and the tripper unit was fully charged. Scott Whitehead proceeded to disconnect the power cord from the charging port on the outside of the control panel box, which was standard procedure after completion of the charging cycle for the tripper.

10.     As Scott Whitehead disconnected the power cord from the tripper's charging port, the control panel exploded, projecting pieces of the control panel, charging port, and control panel box into the air like shrapnel. During the explosion, Scott Whitehead was struck in his left hand, wrist, head, and face by shrapnel-like pieces of the control panel, charging port, or control panel box and violently thrown to the floor of the overhead catwalk at the GreenPoint Ag facility and knocked unconscious.

11.     It was determined that the explosion was caused by hydrogen which had emitted from the rechargeable batteries during the charging cycle and filled the non-ventilated control panel box to the point that hydrogen had leaked into or around the charging port. It is believed that a small arc occurred within the charging port when Scott Whitehead disconnected the power cord which ignited the built-up hydrogen resulting in the devastating explosion that severely and permanently injured Scott Whitehead.

12.     Prior to the Ranco battery-powered tripper being sold to, delivered to, and installed at the GreenPoint Ag facility in Decatur, Alabama, Defendant Ranco and/or Fictitious Party Defendants A-D knew or should have known that:

(a) explosive gases, such as hydrogen, may be emitted from the tripper's batteries during the charging cycle;

3

(b) due to the known risk of explosive gases, such as hydrogen, emitting from the tripper's batteries during the charging cycle, adequate ventilation is necessary to prevent a dangerous buildup of explosive gases/hydrogen;

(c) the buildup of hydrogen during the charging of the tripper's batteries would create a risk of an explosion and potentially serious, deadly injuries to the users of the product;

(d) that the slightest of electrical arcs or sparks/flames will cause built up hydrogen to explode;

(e) that disconnecting the AC power cord from the power source before connecting or disconnecting to the tripper's battery charging port, or turning off the power flow from the charging port to the battery recharger, could reduce the risk of electrical arc igniting any explosive gases/hydrogen emitted during the charging cycle; and

(f) any fire or explosion involving the batter-powered tripper unit at GreenPoint Ag could be catastrophic given the types of fertilizer products which are manufactured and stored at said facility - such as ammonium nitrate which has dangerous explosive potential.

13.    Despite Defendant Ranco and/or Fictitious Party Defendants A-D having such knowledge, the battery-powered tripper unit was manufactured, sold and delivered to GreenPoint Ag in a defective condition which was unreasonably dangerous to potential users of the product as it lacked design features to allow for adequate ventilation of the tripper unit's batteries during the charging cycle, lacked design features to reduce the risk of electrical arcing when connecting and disconnecting the power cord to/from the tripper's control panel box charging port and lacked adequate warning labels, or any warning labels at all, on the battery-powered tripper to advise ultimate users of (a) the risk of explosive gases, such as hydrogen, being emitted during the charging cycle and the inherent risk for an explosion or fire created by such gas emission and (b) any procedures or instructions which should be followed during the charging cycle or the replacement of the rechargeable batteries to reduce the risk of a hydrogen explosion/fire.

## COUNT I
## ALABAMA'S EXTENDED MANUFACTURERS LIABILITY DOCTRINE
### (Defendant Ranco and/or Fictitious Party Defendants A-D)

14.    Paragraphs one through thirteen are incorporated herein as if set out in full.

15.    At all times material hereto, Defendant Ranco and/or Fictitious Party Defendants A-D has/have engaged in the business of selling, distributing, manufacturing, marketing, and promoting the Ranco battery-powered tripper, which is/was unreasonably dangerous and therefore defective.

16.    The Ranco battery-powered tripper was sold, distributed, manufactured, promoted, and marketed by Defendant Ranco and/or Fictitious Party Defendants A-D and there were no substantial changes to the Ranco battery-powered tripper from the time it left the possession of

4

Defendant Ranco and/or Fictitious Party Defendants A-D until the date and time that the product exploded and severely injured Scott Whitehead.

17.  At all times material hereto, the Ranco battery-powered tripper was unreasonably dangerous and therefore defective because:

(a) the design of the Ranco battery-powered tripper includes a sealed box around its control panel and rechargeable batteries with no ventilation , which collects and stores buildup of the explosive gases/hydrogen emitted by the batteries during the charging cycle. As a result of the design of the Ranco battery-powered tripper unit, explosive hydrogen gas emitted from the tripper's chargeable batteries during the charging cycle is at risk of building up within the sealed, non-ventilated control panel box, which, in turn, places the users of the product at great risk of being injured in an explosion;

(b) the design of the Ranco battery-powered tripper lacked features to reduce the risk of electrical arcing, when connecting/disconnecting the power cord to/from the tripper control panel box charging port;

(c) the warnings which accompanied the battery-powered tripper were inadequate to fully and properly apprise the users of the tripper unit of the full nature and extent of the risk of hydrogen gas building up within the control panel box during the battery-charging cycle; and

(d) the warnings that accompanied the Ranco battery-powered tripper unit were inadequate to properly and fully apprise the users of the product relative to recommended practices for connecting and disconnecting the power cord to/from the tripper control panel charging port and for battery replacement to lessen the risk of an explosion caused by built up hydrogen during the battery-charging cycle.

18.  A safer and practical alternative design was available to Defendant Ranco and/or Fictitious Party Defendants A-D at the time the Ranco battery-powered tripper was manufactured and/or sold and delivered to GreenPoint Ag in Decatur, Alabama.

19.  As a direct result of the defective and unreasonably dangerous condition of the Ranco battery-powered tripper in question, Plaintiff Scott Whitehead was severely injured in an explosion on May 24, 2022 resulting in him suffering and continuing to suffer from severe pain, permanent disfigurement, physical impairments, mental anguish, and financial damages such as expenses for past and future medical treatment.

WHEREFORE, the above premises considered, Plaintiff Scott Whitehead demands judgment against Defendant Ranco Fertiservice, Inc., and/or Fictitious Party Defendants A-D for compensatory and/or punitive damages in an amount within the jurisdiction of this Court, plus costs.

## COUNT II
## NEGLIGENCE AND/OR WANTONNESS
### (Defendant Ranco and/or Fictitious Party Defendants A-D)

20.    Paragraphs one through thirteen are incorporated herein as if set out in full.

21.    At all relevant times, Defendant Ranco and/or Fictitious Party Defendants A-D had a duty to exercise reasonable care in all aspects of designing, manufacturing, distributing, marketing, selling and/or providing adequate warnings for the Ranco battery-powered tripper so that such products are reasonably safe to be used by individuals working in the fertilizer industry.

22.    Defendant Ranco and/or Fictitious Party Defendants A-D, in designing, manufacturing, marketing, selling, and providing warnings for the Ranco battery-powered tripper which is the subject of this action, were negligent and/or wanton in that:

(a) it/they failed to design and manufacture the Ranco battery-powered tripper so that explosive hydrogen gas would not build up within the tripper control panel box during the battery-charging cycle;

(b) it/they failed to design and manufacture the Ranco battery-powered tripper without incorporating features to reduce the risk of electrical arcing, when connecting/disconnecting the power cord to/from the tripper control panel box charging port;

(c) it/they failed to adequately warn the ultimate users of the product of the risk of explosive hydrogen gas building up during the battery charging cycle and, thus, the risk of a potential fire or explosion from such hydrogen buildup;

(d) it/they failed to warn the ultimate users of the battery-powered tripper unit at GreenPoint Ag in Decatur, Alabama about the recommended practices for connecting and disconnecting AC power cords from the tripper control panel's charging port as well as the recommended type of replacement batteries in an effort to reduce the risk of any explosion created by hydrogen buildup during the tripper's battery charging cycle; and/or

(e) it/they failed to act as a reasonable and prudent manufacturer and seller of fertilizer equipment under the existing circumstances.

23.    As a direct result of the negligent and/or wanton acts of Defendant Ranco and/or Fictitious Party Defendants A-D, Plaintiff Scott Whitehead was severely injured in an explosion on May 24, 2022 resulting in him suffering and continuing to suffer from severe pain, permanent disfigurement, physical impairments, mental anguish, and financial damages such as expenses for past and future medical treatment.

WHEREFORE, the above premises considered, Plaintiff Scott Whitehead demands judgment against Defendant Ranco Fertiservice, Inc., and/or Fictitious Party Defendants A-D for compensatory and/or punitive damages in an amount within the jurisdiction of this Court, plus costs.

## COUNT III
## BREACH OF WARRANTY OF MERCHANTABILITY
### (Defendant Ranco and/or Fictitious Party Defendants A-D)

24.    Paragraphs one through thirteen are incorporated herein as if set out in full.

25.    Defendant Ranco and/or Fictitious Party Defendants A-D manufactured, created, designed, tested, labeled, packed, supplied, marketed, sold, promoted, advertised and/or otherwise distributed the product known as the Ranco battery-powered tripper which was in use at the GreenPoint AG facility in Decatur, Alabama on or about May 24, 2022.

26.    Defendant Ranco and/or Fictitious Party Defendants A-D promoted, distributed, and/or sold said Ranco battery-powered tripper as a product to be used by manufacturers, suppliers and/or distributers in the fertilizer industry and, thus, warranted the safety of the product for use by individuals working in the fertilizer industry.

27.    The Ranco battery-powered tripper was not suitable or fit for the ordinary purpose for which such tripper conveyor units are to be used in the fertilizer industry in that the product's design combined with the lack of adequate warnings placed the ultimate users at great risk of harm from a potential hydrogen explosion. Defendants Ranco and/or Fictitious Party Defendants A-D breached its/their promise or warranty that the Ranco battery-powered tripper was fit for the ordinary purposes for which tripper-conveyors are used in the fertilizer industry.

28.    As a direct result of Defendant Ranco's and/or Fictitious Party Defendants A's-D's breach of the promise or warranty that the Ranco battery-powered tripper was fit for the ordinary purposes for which such products are used in the fertilizer industry, Plaintiff Scott Whitehead was severely injured in an explosion on May 24, 2022 resulting in him suffering and continuing to suffer from severe pain, permanent disfigurement, physical impairments, mental anguish, and financial damages such as expenses for past and future medical treatment.

WHEREFORE, the above premises considered, Plaintiff Scott Whitehead demands judgment against Defendant Ranco Fertiservice, Inc., and/or Fictitious Party Defendants A-D for compensatory damages in an amount within the jurisdiction of this Court, plus costs.

## COUNT IV
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (Defendant Ranco and/or Fictitious Party Defendants A-D)

29.    Paragraphs one through thirteen are incorporated herein as if set out in full.

7

30.    Defendant Ranco and/or Fictitious Party Defendants A-D manufactured, created, designed, tested, labeled, packaged, supplied, marketed, sold, promoted, advertised, distributed and/or provided warnings for the Ranco battery-powered tripper which was in use at the GreenPoint Ag facility in Decatur, Alabama on or about May 24, 2022. When Defendant Ranco and/or Fictitious Party Defendants A-D sold the Ranco battery-powered tripper to GreenPoint Ag it/they knew how the product would be used by GreenPoint Ag at its facility in Decatur, Alabama. GreenPoint Ag in purchasing and using the Ranco battery-powered tripper relied upon the expertise, skill, judgment and knowledge of Defendant Ranco and/or Fictitious Party Defendants A-D and upon the implied warranty that the Ranco battery-powered tripper was fit for use as a tripper-conveyor in the GreenPoint Ag facility.

31.    The Ranco battery-powered tripper was not suitable or fit for the particular purpose for which it was bought in that the product's design combined with the lack of adequate warnings placed the ultimate users at great risk of harm from a potential hydrogen explosion.

32.    As a direct result of the actions and the breaches of implied warranty of fitness for a particular purpose by Defendant Ranco and/or Fictitious Party Defendants A-D as set forth above, Plaintiff Scott Whitehead was severely injured in an explosion on May 24, 2022 resulting in him suffering and continuing to suffer from severe pain, permanent disfigurement, physical impairments, mental anguish, and financial damages such as expenses for past and future medical treatment.

WHEREFORE, the above premises considered, Plaintiff Scott Whitehead demands judgment against Defendant Ranco Fertiservice, Inc., and/or Fictitious Party Defendants A-D for compensatory damages in an amount within the jurisdiction of this Court, plus costs.

## COUNT V
## WORKER'S COMPENSATION BENEFITS
### (Defendant GreenPoint Ag)

33.    Paragraphs one through thirteen are incorporated herein as if set out in full.

34.    On or about May 24, 2022, Plaintiff Scott Whitehead was employed by Defendant GreenPoint Ag as a location manager.  On or about May 24, 2022, Plaintiff Scott Whitehead suffered multiple injuries, including a closed head injury, large laceration to his forehead, loss of hearing and injuries to his left hand andwrist while working within the line and scope of his employment as a location manager for the defendant.

35.    At the time of this accident, Plaintiff was receiving a weekly wage in an amount that is undetermined at this time; however, when this figure is ascertained, the Complaint will be amended to reflect the average weekly wage.

36.    Defendant had timely and actual notice of this accident within the time specified by the Worker's Compensation Act of the State of Alabama.

37.    As a proximate result of this accident, Plaintiff suffered from temporary total disability and continues to suffer from a permanent partial or permanent total disability to the body as a whole.

38.    Subsequent to this injury, Plaintiff was caused to obtain medical treatment and continues to experience a permanent partial or permanent total disability to his person.

39.    Defendant has not paid all the benefits for temporary total disability or for permanent partial or permanent total disability to which Plaintiff is entitled.

WHEREFORE, Plaintiff demands judgment against Defendant for the compensation which Plaintiff is entitled under the Workmen's Compensation law of the State of Alabama, plus an award for the costs of this action.  Plaintiff prays that notice be given to the defendant and that a hearing may be had, all in accordance with the laws and rules of this Honorable Court.

MARTIN & HELMS, P.C.
Attorneys for Plaintiff
2317 Market Place SW, Ste. A
Huntsville, Alabama 35801
(256) 539-1990

/s/ Tara L. Helms
Tara L. Helms
helms@martinhelms.com

/s/ M. Clay Martin
M. Clay Martin
martin@martinhelms.com

**JURY DEMAND**

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.**

/s/ Tara L. Helms
Tara L. Helms

Defendants to be served via certified mail at:

GreenPoint Ag Holdings, LLC.

9

c/o Corporation Service Company Inc.
641 South Lawrence Street
Montgomery, Alabama 36104

Ranco FertiService, Inc.
c/o Business Filings Inc.
2 N. Jackson St., Ste. 605
Montgomery, AL 36104

ELECTRONICALLY FILED
6/21/2023 4:57 PM
52-CV-2023-900229.00
CIRCUIT COURT OF
MORGAN COUNTY, ALABAMA
CHRIS PRIEST, CLERK

## AFFIDAVIT OF SCOTT WHITEHEAD

STATE OF ALABAMA       )
COUNTY OF MADISON     )

Before me, the undersigned Notary Public, in and for said County and State, personally appeared, SCOTT WHITEHEAD, whose name is signed to the foregoing, who is known to me, and who, being the person duly sworn, doth depose and say that he has read, or had read to him, the foregoing Complaint against his employer for Workers' Compensation benefits and other relief, and that the statements made here are true and correct to the best of his knowledge, information and belief.

_Scott Whitehead_
SCOTT WHITEHEAD

Given under my hand and official seal this ___9___ day of ___June___, 2023.

_Christine Adaire Lewis_
Notary Public

My commission expires: Christine Adaire Lewis
Notary Public, Alabama State At Large
My Commission Expires July 29, 2023

ELECTRONICALLY FILED
6/21/2023 4:57 PM
52-CV-2023-900229.00
CIRCUIT COURT OF
MORGAN COUNTY, ALABAMA
CHRIS PRIEST, CLERK

## IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

| | |
|---|---|
| SCOTT WHITEHEAD, )<br><br>Plaintiff, )<br><br>v. )<br><br>GREENPOINT AG HOLDINGS, LLC.; )<br>RANCO FERTISERVICE, INC.; )<br>Fictitious Party Defendants A, B, C and )<br>D, being those individuals, partnerships, )<br>corporations or other entities who )<br>designed, manufactured and/or marketed )<br>and sold the battery-powered tripper )<br>conveyor which included a control panel )<br>that ignited and exploded on May 24, )<br>2022, causing Scott Whitehead to suffer )<br>severe, life-altering injuries; and )<br>Fictitious Party Defendants E, F, and G, )<br>being those individuals, partnerships, )<br>corporations or other entities whose )<br>actions and/or inactions caused or )<br>contributed to the explosion on May 24, )<br>2022, which resulted in Scott Whitehead )<br>suffering severe, life-altering injuries, )<br>whose names and identities are unknown )<br>to Plaintiff at this time, but will be )<br>substituted by amendment once )<br>ascertained, )<br><br>Defendants. )<br> ) | CV No.: _____ |

## APPLICATION TO EMPLOY ATTORNEY

Comes now Plaintiff, Scott Whitehead, and shows unto the Court that on or about May 24, 2022, Plaintiff was an employee as defined by the Workers' Compensation law. Plaintiff's employer was GreenPoint Ag Holdings, LLC., which was doing business in Morgan County, Alabama. Plaintiff shows that he suffered a permanent partial or permanent total injury while acting within the line and scope of his employment, that he has incurred medical expenses for the care and treatment of his injuries; that there exists a dispute between Plaintiff and Defendant as to his rights to Workers' Compensation disability benefits and Defendant's obligations under the Workers' Compensation law of the State of Alabama and that Plaintiff and Defendant have been unable to reach a settlement of this dispute.

Plaintiff prays permission to secure the services of TARA L. HELMS and M. CLAY MARTIN of MARTIN & HELMS, P.C. who is an attorney at law and licensed to practice before this Honorable Court, to the end that she may represent the Plaintiff's interest in this matter.

_Scott Whitehead_

Scott Whitehead

STATE OF ALABAMA
COUNTY OF MADISON

Personally appeared before me, the undersigned, a Notary Public in and for the above-listed County and State, Scott Whitehead, who is known to me and who, being by me first duly sworn, deposes and says that he has read the foregoing petition, that the statements contained therein are true and correct, and that he executes the petition voluntarily and of his own free will.

Witness my hand this ___9___ day of _____June_____, 2023.

_Christine Adaire Lewis_

Notary Public
My Commission Expires:

Christine Adaire Lewis
Notary Public, Alabama State At Large
My Commission Expires July 29, 2023

ELECTRONICALLY FILED
6/21/2023 4:57 PM
52-CV-2023-900229.00
CIRCUIT COURT OF
MORGAN COUNTY, ALABAMA
CHRIS PRIEST, CLERK

## IN THE CIRCUIT COURT OF MORGAN COUNTY, A

| | | |
|---|---|---|
| **SCOTT WHITEHEAD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CV No.:** _____ |
| | ) | |
| | ) | |
| **GREENPOINT AG HOLDINGS, LLC.;** | ) | |
| **RANCO FERTISERVICE, INC.;** | ) | |
| **Fictitious Party Defendants A, B, C and** | ) | |
| **D, being those individuals, partnerships,** | ) | |
| **corporations or other entities who** | ) | |
| **designed, manufactured and/or marketed** | ) | |
| **and sold the battery-powered tripper** | ) | |
| **conveyor which included a control panel** | ) | |
| **that ignited and exploded on May 24,** | ) | |
| **2022, causing Scott Whitehead to suffer** | ) | |
| **severe, life-altering injuries; and** | ) | |
| **Fictitious Party Defendants E, F, and G,** | ) | |
| **being those individuals, partnerships,** | ) | |
| **corporations or other entities whose** | ) | |
| **actions and/or inactions caused or** | ) | |
| **contributed to the explosion on May 24,** | ) | |
| **2022, which resulted in Scott Whitehead** | ) | |
| **suffering severe, life-altering injuries,** | ) | |
| **whose names and identities are unknown** | ) | |
| **to Plaintiff at this time, but will be** | ) | |
| **substituted by amendment once** | ) | |
| **ascertained,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

The application of Scott Whitehead, Plaintiff in the above styled cause, seeking permission and approval to secure the services of an attorney to represent him in this cause, having been submitted to the Court, and the Court being of the opinion that permission should be granted, Scott Whitehead is permitted and authorized to employ TARA L. HELMS and M. CLAY MARTIN of MARTIN & HELMS, P.C., as his legal representative to represent him in his disputed Workers' Compensation claim with GreenPoint Ag Holdings, LLC.

Done this the _____ day of _____, 2023.

_____
Circuit Judge

ELECTRONICALLY FILED
6/21/2023 4:57 PM
52-CV-2023-900229.00
CIRCUIT COURT OF
MORGAN COUNTY, ALABAMA
CHRIS PRIEST, CLERK

## IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

| | |
|---|---|
| **SCOTT WHITEHEAD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CV No.: _____** |
| ) | |
| ) | |
| **GREENPOINT AG HOLDINGS, LLC.;** ) | |
| **RANCO FERTISERVICE, INC.;** ) | |
| **Fictitious Party Defendants A, B, C and** ) | |
| **D, being those individuals, partnerships,** ) | |
| **corporations or other entities who** ) | |
| **designed, manufactured and/or marketed** ) | |
| **and sold the battery-powered tripper** ) | |
| **conveyor which included a control panel** ) | |
| **that ignited and exploded on May 24,** ) | |
| **2022, causing Scott Whitehead to suffer** ) | |
| **severe, life-altering injuries; and** ) | |
| **Fictitious Party Defendants E, F, and G,** ) | |
| **being those individuals, partnerships,** ) | |
| **corporations or other entities whose** ) | |
| **actions and/or inactions caused or** ) | |
| **contributed to the explosion on May 24,** ) | |
| **2022, which resulted in Scott Whitehead** ) | |
| **suffering severe, life-altering injuries,** ) | |
| **whose names and identities are unknown** ) | |
| **to Plaintiff at this time, but will be** ) | |
| **substituted by amendment once** ) | |
| **ascertained,** ) | |
| ) | |
| **Defendants.** ) | |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, INTERROGATORIES, AND REQUEST FOR PRODUCTION

Plaintiff requests that defendant **GreenPoint Ag Holdings, LLC,** fully answer the following interrogatories separately and severally, in writing and under oath, and produce all requested documents within thirty (30) days pursuant to Rule 33 and 34 of the Alabama Rules of Civil Procedure.

In answering these interrogatories, you are required to furnish all factual information

1

available to you including information in the possession of your attorneys and any person acting in your behalf. You must supplement your responses if requested information comes into your possession after execution of your answers pursuant to Rule 26(e) of the Alabama Rules of Civil Procedure.

If after diligent inquiry, you are unable to answer an interrogatory completely, indicate which records were reviewed by you in the course of your search.

DEFINITIONS

In connection with these interrogatories, the following definitions shall apply unless otherwise indicated:

"Address"-- The term "address" refers to the street number, street, post office box, city, state, and zip code of the subject person, business, or other entity.

"Document"-- The term "document" herein referred to includes, but is not limited to, all instruments in writing, in printed form, typewritten form, longhand notations or writings, tape recordings, photographs, video tape recordings, manuals, training manuals, training guides, duty manuals, general order manuals, procedure manuals, personnel manuals, rules and regulations, transcripts of recorded conversations, transcripts or oral statements, interoffice, intraoffice, interdepartmental or intradepartmental memoranda, notations to files, personal notes and records, and all records, logs documents, books, writings and physical things of every description and kind which are germane and material to the area of inquiry.

"Identify," "Identity," or "Identification" -- When used with reference to a person, the terms "identify," "identity," or "identification" include the full name, title or official capacity, Social Security number or other identifying number, telephone number, and present or last address of said person. When used with reference to a document, the terms "identify," "identity," or "identification" includes its date, title, author and signer and their address, type of document, and other means of identifying it, its present or last known location, and its custodian and his address. If any document was but is no longer in your possession, custody, or control, state what disposition was made of it and the reason for its disposition.

"You" or "Your" -- The terms "you" or "your" include the named defendant and the individual(s) preparing answers to these interrogatories on behalf of the named defendant as well as any person acting on behalf of the named defendant.

****************

## A. REQUEST FOR ADMISSIONS

1.      Defendant was Scott Whitehead's employer on May 24, 2022.

2

2.     That Scott Whitehead was injured on the occasion set forth in his complaint, to some extent, by an accident as defined in *Ala. Code* Sec. 25-5-1(8).

3.     That Scott Whitehead's injuries as set forth in his complaint arose from an accident arising out of and in the course of his employment with Defendant as defined in *Ala. Code* Sec. 25-5-1(9), and case law interpreting said section.

4.     That Defendant received notice, as defined by Alabama workers' compensation law, of Scott Whitehead's injuries as set forth in his complaint.

5.     That Scott Whitehead was guilty of no misconduct which Defendant intends to use as a defense as provided for under *Ala. Code* Sec. 25-5-36.

6.     That Scott Whitehead was performing all of the activities and work required of him by his job on the occasion complained of.

7.     That Scott Whitehead was not on limited, restricted, or on light duty on the occasion complained of.

8.     That Scott Whitehead was doing the work of an uninjured person on the occasion complained of.

## B. INTERROGATORIES

1.  State the name, address, job title and duties of each person answering, or who supplied information upon which the answers to these interrogatories are based, and please state the proper name under which GreenPoint Ag Holdings, LLC., where Plaintiff was working can sue and be sued.

2.  Did you have a policy of workmen's compensation insurance in effect covering Scott Whitehead on the date of accident?  If so, identify (a) the company issuing said policy, (b) the effective date of said policy, and (c) any report transmitted from you to your insurance company regarding Scott Whitehead, including the "Employer's First Report of Injury".

3.  Did you have a policy of general liability insurance in effect covering Scott Whitehead on the date of the accident?  If so, identify (a) the company issuing said policy, (b) the effective date of said policy, and (c) any report transmitted from you to your insurance company regarding Scott Whitehead, including the "Employer's First Report of Injury."

4.  State:

3

(a)    Scott Whitehead's job assignment on the date of the accident.

(b)    A description of Scott Whitehead's job duties.

(c)    The names and addresses of Scott Whitehead's supervisors on that date.

(d)    The supervisors' location at the time of the injury described in Scott Whitehead's complaint.

5. Specify the "average weekly earnings" that you contend Scott Whitehead had on the date of the accident and explain your calculation.

6. Specify any and all fringe benefits paid to Scott Whitehead and include a breakdown of the portions paid by employer and employee.  State whether or not you included fringe benefits when calculating Scott Whitehead's average weekly wage.

7. Did Scott Whitehead suffer an injury as alleged in the complaint?  If not, state in detail the reasons for your denial.

8. Was Scott Whitehead acting in the line and scope of his employment at the time of the injury?  If not, state in detail the reasons for your denial.

9. Did Scott Whitehead's injuries arise out of his employment?  If not, state in detail the reasons for your denial.

10. State when this accident first came to the attention of you or your representatives, by whom it was reported, and to whom it was reported.  Produce any documents containing this information.

11. Have you or anyone acting on your behalf obtained from any person or persons any oral or written report, or testimony concerning the accident involved in this cause of action?  If so, state:

(a)    The name and last known address and present whereabouts, if known, of such persons;

(b)    When, where, and by whom such report, statement, or testimony was obtained or

made;

(c)    Produce any such statements.

12.  Did GreenPoint Ag Holdings, LLC., and/or its affiliates, or agents pay to Scott Whitehead temporary total disability benefits pursuant to the Alabama Worker's Compensation Act?  Is so, state:

(a)  The date which temporary total disability payments began;

(b)  The date on which temporary total disability payments ceased;

(c)  The total amount of temporary total disability benefits paid to Scott Whitehead;

(d)  Do you contend that Scott Whitehead was overpaid?  If so, explain.

13.  Did GreenPoint Ag Holdings, LLC., and/or its affiliates or agents pay Scott Whitehead's medical bills regarding the work injuries he sustained on May 24, 2022?

14.  Describe all facts or evidence to support the contention that Scott Whitehead's injury is not work-related.

15.    Does GreenPoint Ag Holdings, LLC., and/or its affiliates or agents have within its custody or control video of Scott Whitehead's on the job injury?

16.    Have you obtained any surveillance video of Scott Whitehead at any time following May 24, 2022?

17.  Has Scott Whitehead sustained any other work-related injuries while employed for GreenPoint Ag Holdings, LLC., and/or its affiliates or agents?  If so, provide the dates for same.

18.    Identify all expert witnesses you intend to use in this case and for each such witness provide a complete statement of the opinions the witness is expected to express, the basis and reasons for each opinion, the identity of any exhibits the expert intends to use, the data or other information considered by the witness in forming his or her opinions, the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten

years, the compensation to be paid for the study and testimony of the witness in this case, and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding ten years.

19.    Provide names and addresses for all case nurses or other persons who have had contact with Scott Whitehead and/or his medical providers.

## C. REQUEST FOR PRODUCTION

1.    All wage and/or payroll records pertaining to Scott Whitehead, including pay stubs, time cards, benefit payments, wages, or the like.

2.    All injury reports in GreenPoint Ag Holdings, LLC.,'s and/or its affiliates or agents possession pertaining to Scott Whitehead.

3.    All records which set forth any workers' compensation benefits received by Scott Whitehead.

4.    All medical records which pertain to Scott Whitehead.

5.    A true and correct copy of Scott Whitehead's personnel file and worker's compensation file and records.

6.    Any and all other documents comprising or relating in any way to personnel records, including job applications, job descriptions, and job evaluations.

7.    All statements obtained by GreenPoint Ag Holdings, LLC., and/or its affiliates or agents from any employee or other individual pertaining to any investigations of the injuries made the basis of this suit.

8.    Copies of any reports of investigations made by GreenPoint Ag Holdings, LLC., and/or its affiliates or agents of the injuries made the basis of Scott Whitehead's complaint.

9.    All records of medical expenses incurred by Scott Whitehead as a result of the injuries made the basis of Scott Whitehead's complaint, and all records of payments of the same by GreenPoint Ag Holdings, LLC., and/or its affiliates or agents.

10.    All records or documents showing fringe benefits and values thereof.

11.    All records or documents pertaining to Scott Whitehead's retirement benefits, including all vested and nonvested amounts.

12.    All tangible things, objects, materials, or items of evidence which may be used at the time of trial, which may have a bearing on this cause of action.

6

13.     A copy of any surveillance movies, videos, or photographs which have been made of Scott Whitehead and of Mr. Whitehead's job injury.

14.     Please produce a copy of any and all documents that show Scott Whitehead's physical and/or vocational limitations or restrictions, this includes any and all written or videotaped evaluations prepared by any doctor, vocational worker or employee on behalf of GreenPoint Ag Holdings, LLC., and/or its affiliates or agents.

15.     Any and all expert reports that were or will be relied upon in whole or in part by any expert testifying on behalf of defendant in this case.

16.     Any and all work papers, notes, documents in the file of any expert witness who is expected to testify, or in the file of any expert witness who has written a report which is or will be relied upon in whole or in part by a testifying expert.

17.     Any and all documents or tangible things prepared by any expert whom you expect to call as a witness, including but not limited to those which would include his/her report, factual observations, opinions, conclusions, photographs, field notes, calculations, models, and exhibits.

18.     Any and all treatises or authoritative literature which any expert called by Defendant intends to rely on to testify in this case.

19.     A current copy of the curriculum vitae or resume of any expert who Defendant expects to call as a witness at trial.

20.     Any and all records or reports generated by case nurses regarding Scott Whitehead, date of injury, May 24, 2022.

21.     Any and all correspondence with Scott Whitehead's medical providers subsequent to May 24, 2022.


*Pursuant to Ala. R. Civ. P. 26(b)(5), if information otherwise discoverable is being withheld on a claim that it is privileged, that claim must be expressly made and, upon written request by a party, shall be supported by a description of the nature of the documents, communications, or things not produced sufficient to enable the demanding party to contest the claim.  Therefore, the undersigned hereby requests submission of a "privilege log" within twenty-one (21) days if any documents or communications are being withheld on the basis of a privilege.*


This the 21st day of June, 2023.

MARTIN & HELMS, P.C.
Attorney for Scott Whitehead
2317 Market Place SW, Ste. A
P.O. Box 2527
Huntsville, Alabama 35804
Telephone: (256)539-1990
Facsimile: (256) 539-1949

/s/ Tara L. Helms_____
Tara L. Helms

## TO BE SERVED WITH SUMMONS AND COMPLAINT

Defendant's Address:

GreenPoint Ag Holdings, LLC.
c/o Corporation Service Company Inc.
641 South Lawrence Street
Montgomery, Alabama 36104

ELECTRONICALLY FILED
6/21/2023 4:57 PM
52-CV-2023-900229.00
CIRCUIT COURT OF
MORGAN COUNTY, ALABAMA
CHRIS PRIEST, CLERK

## IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

| | | |
|---|---|---|
| SCOTT WHITEHEAD, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CV No.: _____ |
| | ) | |
| | ) | |
| GREENPOINT AG HOLDINGS, LLC.; | ) | |
| RANCO FERTISERVICE, INC.; | ) | |
| Fictitious Party Defendants A, B, C and | ) | |
| D, being those individuals, partnerships, | ) | |
| corporations or other entities who | ) | |
| designed, manufactured and/or marketed | ) | |
| and sold the battery-powered tripper | ) | |
| conveyor which included a control panel | ) | |
| that ignited and exploded on May 24, | ) | |
| 2022, causing Scott Whitehead to suffer | ) | |
| severe, life-altering injuries; and | ) | |
| Fictitious Party Defendants E, F, and G, | ) | |
| being those individuals, partnerships, | ) | |
| corporations or other entities whose | ) | |
| actions and/or inactions caused or | ) | |
| contributed to the explosion on May 24, | ) | |
| 2022, which resulted in Scott Whitehead | ) | |
| suffering severe, life-altering injuries, | ) | |
| whose names and identities are unknown | ) | |
| to Plaintiff at this time, but will be | ) | |
| substituted by amendment once | ) | |
| ascertained, | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT RANCO FERTISERVICE, INC.

PLEASE TAKE NOTICE that, pursuant to *Alabama Rules of Civil Procedure*, 33(a), the plaintiffs propound the following first set of interrogatories to Defendant RANco Fertiservice, Inc., (also referred to herein as "Ranco").

Each interrogatory, as provided by law, shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for the objection shall be stated.

1

The answers are to be signed by the person making them, and the objections signed by the attorney making them. Answers to these interrogatories, or objections in lieu thereof, shall be served <u>within 45 days</u> from the service of this document.

Under the *Alabama Rules of Civil Procedure* 26(e), these interrogatories are continuing in nature. Defendant, therefore, is required to supplement their responses as new or different information becomes known.

## **DEFINITIONS & INSTRUCTIONS**

1. Whenever used in this request, the following terms shall have the following meanings:

(a) "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

(b) "Computer" means all devices utilizing microchips to facilitate processing, analysis, or storage of data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also know as personal digital assistants or PDA's), minicomputers and mainframe computers.

(c) "Concerning" means relating to, referring to, describing, evidencing, embodying, or constituting.

(d) "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in *Alabama Rule of Civil Procedure* 34(a), including, without limitations, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

(e) **"Battery-powered tripper" or "Battery-powered trippers"** shall refer to battery-powered tripper conveyor products designed, marketed, and/or sold by Defendant RANco Fertiservice, Inc., or any of its subsidiaries to be used in the fertilizer industry or any other similar industry.

(f) "Electronic data" or "data" means the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings and data compilations in any form, and of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronic   data includes, by way of example only, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous file and file fragments, regardless of the media

2

on which they reside and regardless of whether said electronic data consists in an active file, deleted file or file fragment. Electronic data includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMS, removable media such as ZIP disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and transmittal. The term electronic data also includes the file, folder tabs and containers and labels appended to, or associated with, any physical storage device associated with each original and copy.

(g)     "Electronic media" means any magnetic or other storage media device used to record electronic data. Electronic media devices may include computer memories, hard disks, floppy disks, CD-ROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and transmittal.

(h)     "OSHA" means The Occupational Safety and Health Administration, any committee, subcommittee or advisory committee thereto, and any person, employee or agent acting as a representative thereof.

(i)     "Foreign Government Regulatory Authority" means any agency, committee, subcommittee or advisory committee of any government other than the United States of America, which bears responsibility or exercises authority over the manufacture, distribution, labeling, sale, and marketing of consumer products in any jurisdiction, and any employee or agent acting as a representative thereof.

(j)     "Identify" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(k)     "Identify" with respect to documents, means to give, to extent known, the (I) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

(l)     "Including" or "includes" means including, without limitation.

(m)     "You," "Your," "Yours," or Ranco refers to defendant, as well as all their partners, directors, officers, employees, servants, agents, attorneys, joint ventures, or other representatives, including all corporations and entities affiliated with Ranco and any other named defendant in this lawsuit. The terms "you" or "your" shall also include all foreign parent companies, as well as any foreign subsidiaries' or parent companies' partners, directors, officers, employees, servants, agents, joint ventures or other representatives.

3

(n)      "Person" means any natural person or any business, legal, or governmental entity or association.

(o)      **"Tripper #9610"** shall refer to the Ranco battery-powered tripper on the 251'-6" tri-roller conveyor being used at the GreenPoint Ag facility in Decatur, Alabama on or about May 24, 2022, with serial #9610.

2.      Each demand hereinafter set forth not only calls for your knowledge, but also for all knowledge that is available to you by reasonable inquiry, including inquiry of your employees, representatives, agents, and attorneys.

3.      If you cannot answer the following demands in full and complete detail after exercising due diligence to secure the information to do so, please so state and answer to the extent possible, specifying in each instance your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions, and to the best of your knowledge the names, addresses and telephone numbers of all persons and organizations where such information is, will be or is believed to be.

4.      In answering these demands, you are requested to answer each demand and subdivision thereof fully, completely and separately. You are hereby notified that at least as to those demands that are unanswered or as to which you claim an inability to answer fully and completely for the reason that discovery is continuing, the undersigned will apply to the court for an order directing that these demands be deemed continuing; that upon acquiring any information response thereto after the service of answers hereto, you will be required to serve supplemental answers containing such later acquired information; and that you will be precluded at the trial of this action from introducing evidence relating to the subject matter of these demands which you have not disclosed by these answers or by supplemental answers thereto.

5.      If any interrogatory is deemed to call for the production of privileged or otherwise protected information or materials, YOU must provide the following information in a written response, designating and identifying such information withheld from production on grounds of privilege:

(a)      The reason for withholding the information

(b)      A statement of the legal basis for the claim of privilege, work product or other ground for non-disclosure

(c)      A brief description of the information, including:
I.      The date;

II.      The number of pages, attachments, and appendices if a document;

III.      The name(s) of the source(s) or preparer(s) of the information and identification by employment and title of each such person;

4

IV.   The name of each person who was involved with or has had access to or custody of the information, together with an identification of each such person:

V.    The present custodian(s); and

VI.   The subject mater of the information, and in the case of any information relating or referring to a meeting or conversation, identification of such meeting or conversation, in sufficient detail to enable the Court to determine the propriety of any claim of privilege.

## INTERROGATORIES

1.  State the name, employer, and job title and position of all individuals assisting in answering these interrogatories.

2.   State the complete name and current, complete address of the corporation that manufactured the Ranco battery-powered tripper at any point from the time the product was first manufactured to date. To the extent that there is more than one manufacturer of said battery-powered tripper, please list each and state the timeframe for which each manufacturer manufactured said product.

3.    State each corporate entity that had any ownership and/or financial interest in the Ranco battery-powered tripper for the entire period that said product was/has been on the market.

4.    State each corporate entity that had any interest in the Tripper #9610 from the time of its manufacture until it was delivered to and installed at the GreenPoint Ag facility in Decatur, Alabama.

5.    Did Defendant Ranco manufacture Tripper #9610? If so, state the date of its manufacture and the location where it was manufactured.

6.    Please state the inclusive years during which the Ranco battery-powered tripper were manufactured and sold, and the total number of such products sold by Defendant Ranco.

7.    Does Defendant Ranco claim that Tripper #9610 had in any way been significantly altered or changed from the time said product was sold to GreenPoint Ag to the date of the explosion on May 24, 2022? If so:

a.    Please describe with specificity such alterations or changes.

8.    Does Defendant Ranco claim that warnings or instructions labels which had been

affixed to Tripper #9610 had in any way been significantly altered or changed from the time said product was sold to GreenPoint Ag to the date of the explosion on May 24, 2022? If so:

    a.    Please describe with specificity such alterations or changes.

9.    State the date and location of any other reported fires or explosions involving Ranco battery-powered equipment or machinery.

10.    State whether prior to May 24, 2022, Defendant Ranco (or any corporation, person, or entity on behalf of Defendant Ranco) had ever performed any testing to evaluate the risk of a buildup of hydrogen and/or other explosive gases during the battering recharging cycle for the Ranco battery-powered tripper. If so:

    a.    Provide the name of such test(s), name(s) and address(es) of the individual(s) who performed said test(s), the date(s) the test(s) was/were made, and where such test(s) was/were made.

11.    Prior to May 24, 2022, had Defendant Ranco (or any corporation, person, or entity on behalf of Defendant Ranco) ever conducted any studies or tests to evaluate procedures for connecting and disconnecting the electrical power source to/from the Ranco battery-powered tripper at the start and end of the battery recharge cycle to reduce the risk of fire or explosion? If so:

    a.    State the names of such test(s) or study(ies);

    b.    The name(s) and address(es) of the individual(s) in charge of performing said test(s) or study(ies);

    c.    The name(s) and address(es) of the individual(s) in charge of evaluating said test(s) or study(ies);

    d.    The date(s) that such test(s) or study(ies) was/were conducted; and

    e.    Where the test(s) or study(ies) was/were conducted.

12.    Prior to May 24, 2022, had Defendant Ranco (or any corporation, person, or entity on behalf of Defendant Ranco) ever conducted any studies or tests to evaluate procedures for replacing batteries for the Ranco battery-powered tripper including, but not limited to, the selection of replacement batteries? If so:

    a.    State the name(s) of such test(s) or study(ies);

    b.    The name(s) and address(es) of the individual(s) in charge of performing said test(s) or study(ies);

c.     The name(s) and address(es) of the individual(s) in charge of evaluating said test(s) or study(ies);

d.     The date(s) that such test(s) or study(ies) was/were conducted; and

e.     Where the test(s) or study(ies) was/were conducted.

13.     Were there any warnings or instructions provided on the outside or inside of the control panel box for Tripper #9610 by Defendant Ranco, or any individual or entity acting on behalf of Defendant Ranco, prior to May 24, 2022, to warn and/or instruct individuals who use or come into contact with Tripper #9610 at the GreenPoint Ag facility in Decatur, Alabama, of the potential for emission of and buildup of hydrogen during the recharging cycle and the resulting risk for a hydrogen-related fire or explosion? If so:

a.     Please fully describe said warnings or instructions, including the specific language used and the specific location/placement of said warnings or instructions on Tripper #9610.

14.     Were there any warnings or instructions provided on the outside or inside of the control panel box for Tripper #9610 by Defendant Ranco, or any individual or entity acting on behalf of Defendant Ranco, prior to May 24, 2022, to warn and/or instruct individuals who use or come into contact with Tripper #9610 at the GreenPoint Ag facility in Decatur, Alabama, concerning the recommended procedure for connecting the power cord/source to Tripper #9610 at the initiation of the battery recharging cycle and for disconnecting the power cord/source at the conclusion of the battery recharging cycle? If so:

a.     Please fully describe said warnings or instructions, including the specific language used and the specific location/placement of said warnings or instructions on Tripper #9610.

15.     Were there any warnings or instructions provided on the outside or inside of the control panel box for Tripper #9610 by Defendant Ranco, or any individual or entity acting on behalf of Defendant Ranco, prior to May 24, 2022, to warn and/or instruct individuals who use or come into contact with Tripper #9610 at the GreenPoint Ag facility in Decatur, Alabama, relative to the replacement of batteries, including, but not limited to, the type of rechargeable batteries to be used with Tripper #9610? If so:

a.     Please fully describe said warnings or instructions, including the specific language used and the specific location/placement of said warnings or instructions on Tripper #9610.

16.     Were there any warnings or instructions provided on the outside or inside of the control panel box for the Ranco battery-powered trippers by Defendant Ranco, or any individual or entity acting on behalf of Defendant Ranco, prior to May 24, 2022, to warn and/or instruct individuals who use or come into contact with the Ranco battery-powered trippers, about the

7

potential for emission of and buildup of hydrogen during the recharging cycle for the Ranco battery-powered trippers and the resulting risk for a hydrogen-related fire or explosion? If so:

      a.    Please describe said warnings or instructions, including the specific language used for the warnings or instructions and the specific location/placement of said warnings or instructions on the battery-powered trippers and also please provide the name and address of each facility at which said battery-powered trippers were in use prior to May 24, 2022.

17.    Were there any warnings or instructions provided on the outside or inside of the control panel box for the Ranco battery-powered trippers provided by Defendant Ranco, or any individual or entity acting on behalf of Defendant Ranco, prior to May 24, 2022, to warn and/or instruct individuals who use or come into contact with the Ranco battery-powered trippers, as to the recommended procedure for connecting the power cord/source to the Ranco battery-powered trippers at the initiation of the battery recharging cycle and for disconnecting the power cord/source at the conclusion of the battery recharging cycle?  If so:

      a.    Please describe said warnings or instructions, including the specific language used for the warnings or instructions and the specific location/placement of said warnings or instructions on the battery-powered trippers and also please provide the name and address of each facility at which said battery-powered trippers were in use prior to May 24, 2022.

18.    Were there any warnings or instructions provided on the outside or inside of the control panel box for the Ranco battery-powered trippers provided by Defendant Ranco, or any individual or entity acting on behalf of Defendant Ranco, prior to May 24, 2022, to warn and/or instruct individuals who use or come into contact with the Ranco battery-powered trippers, relative to the replacement of batteries, including, but not limited to, the type of rechargeable batteries to be used with the Ranco battery-powered trippers? If so:

      a.    Please describe said warnings or instructions, including the specific language used for the warnings or instructions and the specific location/placement of said warnings or instructions on the battery-powered trippers and also please provide the name and address of each facility at which said battery-powered trippers were in use prior to May 24, 2022.

19.    What is/are the name(s), current address(es), office(s), title(s), or capacity(ies) and telephone number(s), of the person or persons having chief responsibility for product design of the Ranco battery-powered tripper, including but not limited to, the control panel box and components therein?

20.    What is/are the name(s), current address(es), office(s), title(s), or capacity(ies) and telephone number(s), of the person or persons having chief responsibility for the design, content or placement of warnings or instructions for ultimate users of the Ranco battery-powered tripper, including but not limited to, the control panel box and components therein?

21.    Identify the individual(s) or entity(s), whether public or private, who made the final design decisions relative to the Ranco battery-powered tripper, including Tripper #9610.

22.     Identify the individual(s) or entity(s), whether public or private, who made the final design decisions relative to the design of, language used for and/or placement of warning or instruction labels located on the Ranco battery-powered trippers, including Tripper #9610.

23.     Identify the chief and/or senior engineer over the design of the Ranco battery-powered trippers, including Tripper #9610.

24.     Identify the architect, draftsman, or designer of the manufacturing specifications for the Ranco battery-powered trippers, including Tripper #9610.

25.     Identify the individual(s) in charge of pre-market testing and/or safety performance evaluation of the Ranco battery-powered trippers, including Tripper #9610.

26.     Identify the individual(s) in charge of post-market testing and/or monitoring of safety performance of the Ranco battery-powered trippers, including Tripper #9610.

27.     Identify the individual(s) responsible for receiving and/or evaluating consumer complaints relative to the Ranco battery-powered trippers, including Tripper #9610.

28.     With respect to the Ranco battery-powered trippers or any other Ranco battery-powered equipment/machinery with a similar design as the Ranco battery-powered trippers, has Defendant Ranco ever conducted any warning campaign, recall campaign, or used any other systematic means of warning of risk of injuries associated with the use of said products? If the answer is yes:

    a.     Please state the nature of the warning given;

    b.     The date such warning or notice was given;

    c.     The means by which such warning or notice was given;

    d.     The class of persons to whom such warning or notice was given;

    e.     The reason each warning or notice was given; and

    f.     The names, addresses and job title for each person who has present custody of each warning or notice given.

29.     Please list any and all lawsuits, stating the court in which filed and the assigned case number, that have been filed against Defendant Ranco based upon alleged negligence or defects in the design, manufacture, or sale of Defendant Ranco's battery-powered trippers, including but not limited to, Tripper #9610.

30.     Please list the names of any individuals who defendant believes to have knowledge of the events leading up to and surrounding the incident on which this case is based.

31.     State whether this defendant maintains a safety review board or committee, by whatever named called, whose function it is to detect product deficiencies or defects or hazards and remedy or eliminate the same; and, as to each review board or committee, state the names, addresses, and present positions or offices of those persons comprising such safety review board or committee for the past 10 years.

32.     State whether this defendant maintains a general technical committee, a product evaluation committee, a product investigation committee, or an engineering policy or product policy group, and if so, state its function and provide the names, addresses, and present positions or offices of those persons comprising such groups or committees for the past 10 years.

33.     Please state if any of defendant's battery-powered trippers or other battery-powered products have ever been the subject of a governmental (whether domestic or foreign) investigation or inquiry.  If so, please state the following:

> (a)     the name and description of the governmental agency or body which initiated any such investigation or inquiry; and
>
> (b)     the date(s) of the inquiry and product(s) involved in the inquiry.

34.     Identify and state the chronological history of the design, development, testing, and production of the Ranco battery-powered tripper, including Tripper #9610.

35.     State the number of Ranco battery-powered tripper products with the same design specifications as Tripper #9610, sold both in domestic and foreign markets by calendar year and state the total monetary amount of gross sales for such products by year, distinguished between domestic and foreign sales per year.

36.     State defendant's calculated cost to produce (from manufacture to end distribution) the Ranco battery-powered tripper products with the same design specifications as Tripper #9610, per unit?

37.     State defendant's calculated expected net profit for the Ranco battery-powered tripper products with the same design specifications as Tripper #9610, per unit.

38.     If you contend that Scott Whitehead's injuries resulted from any abnormal or incorrect use of Tripper #9610, state each fact that supports your contention and the name and address of each person who has knowledge of such facts.

39.     List any and all liability insurance policies, including umbrella/excess policies, which provide coverage to defendant for the claims alleged by plaintiff in his complaint and state the amount of coverage provided by each policy.

40.     Does Defendant Ranco claim or assert that any other entity or individual would be potentially responsible for or liable for any product defect claimed by Plaintiff in this matter should

Plaintiff prevail?  If so, please fully explain the basis and rationale for your answer.

41.     State the correct name of any corporation, entity, or individual who was in the distributive chain from the time Tripper #9610 left the hands of Defendant Ranco to the time it was installed at the GreenPoint Ag facility in Decatur, Alabama.

42.     Identify any instructions or warnings provided to GreenPoint Ag or any individuals working with GreenPoint Ag relative to Tripper #9610, at any point prior to May 24, 2022.

43.     What is Defendant Ranco's understanding or contention with respect to how the occurrence in question occurred and how and why Scott Whitehead sustained injuries?

44.     If Defendant Ranco, Ranco's corporate representative, employee or agent has given a statement to anyone other than Defendant Ranco's attorney with respect to the occurrence in question, please state the name, address, and telephone number of the person or investigative body to whom such statement was given, the date on which the statement was given, the substance of such statement, and whether such statement was a written or oral statement.

45.     Please identify any employees or representatives of Defendant Ranco who have provided a statement to or have communicated in any format with OSHA or OSHA investigators in regard to the incident on May 24, 2022 on which this case is based. For each individual listed in response to this interrogatory, please state whether he/she is currently employed by Defedant Ranco.

46.     List the names and addresses of all expert witnesses whom you propose to use as a witness at the trial of this case, and for each expert witness, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

47.     List any and all design safety standards that Defendant Ranco believes to be applicable to the battery-powered trippers.

48.     List any design safety standards that Defendant Ranco claims to have met relative to the battery-powered trippers.

49.     State the explosion proof rating for the control panel box which houses the rechargeable batteries and the control panel for the battery-powered trippers.

50.     Describe any safety analysis performed by Defendant Ranco, or any individual or entity acting on behalf of Defendant Ranco, relative to the battery-powered trippers.

51.     Describe any hazard analysis performed by Defendant Ranco, or any individual or entity acting on behalf of Defendant Ranco, relative to the battery-powered trippers.

52.     Describe any failure modes and effects analysis (FMEA) performed by Defendant

11

Ranco, or any individual or entity acting on behalf of Defendant Ranco, relative to the battery-powered trippers.

53.    Fully describe any and all warnings, or warning labels of any type on the inside or outside of the battery-powered trippers.

54.    Fully describe any and all warnings or warning labels of any type on the inside or outside of Tripper #9610.

55.    List the name(s), current address(es), job title(s) and telephone number(s) of the person or persons having chief responsibility for the design of the charging ports located on the control panel box for Ranco's battery-powered trippers.

56.    Identify any and all testing of the 120 vac receptacle (also referred to as the charging port component part) for the control panel box for Ranco's battery-powered trippers.

57.    State the explosion-proof rating for the 120 vac receptacle (charging port component part) for the control panel box for Ranco's battery-powered trippers.

58.    Identify the manufacturer of the 120 vac receptacle (also referred to herein as the charging port component part) for the Ranco-battery powered tripper's control panel box.

59.    State the manufacturer's product number or serial number for the 120 vac receptacle (charging port component part) for Tripper #9610.

60.    Identify the manufacturer of the box used to house the control panel and batteries for the Ranco battery-powered trippers.

61.    State the manufacturer's product number and serial number for the box used by Ranco to store the control panel and batteries for Tripper #9610.

62.    Identify the name(s), address(es), and job title(s) of the individual(s) responsible for any modifications to the box used to house the control panel and batteries for the Ranco battery-powered trippers.

*Pursuant to Ala. R. Civ. P. 26(b)(5), if information otherwise discoverable is being withheld on a claim that it is privileged, that claim must be expressly made and, upon written request by a party, shall be supported by a description of the nature of the documents, communications, or things not produced sufficient to enable the demanding party to contest the claim.  Therefore, the undersigned hereby requests submission of a "privilege log" within twenty-one (21) days if any documents or communications are being withheld on the basis of a privilege.*

This the 21st day of June, 2023.

MARTIN & HELMS, P.C.
Attorney for Scott Whitehead
2317 Market Place SW, Ste. A
P.O. Box 2527
Huntsville, Alabama 35804
(256)539-1990


/s/ M. Clay Martin
M. Clay Martin


/s/ Tara L. Helms
Tara L. Helms


## TO BE SERVED WITH SUMMONS AND COMPLAINT

Defendant's Address:

RANco FertiService, Inc.
c/o Business Filings Inc.
2 N. Jackson St., Ste. 605
Montgomery, AL 36104

ELECTRONICALLY FILED
6/21/2023 4:57 PM
52-CV-2023-900229.00
CIRCUIT COURT OF
MORGAN COUNTY, ALABAMA
CHRIS PRIEST, CLERK

## IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

| | | |
|---|---|---|
| SCOTT WHITEHEAD, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CV No.: _____ |
| | ) | |
| | ) | |
| GREENPOINT AG HOLDINGS, LLC.; | ) | |
| RANCO FERTISERVICE, INC.; | ) | |
| Fictitious Party Defendants A, B, C and | ) | |
| D, being those individuals, partnerships, | ) | |
| corporations or other entities who | ) | |
| designed, manufactured and/or marketed | ) | |
| and sold the battery-powered tripper | ) | |
| conveyor which included a control panel | ) | |
| that ignited and exploded on May 24, | ) | |
| 2022, causing Scott Whitehead to suffer | ) | |
| severe, life-altering injuries; and | ) | |
| Fictitious Party Defendants E, F, and G, | ) | |
| being those individuals, partnerships, | ) | |
| corporations or other entities whose | ) | |
| actions and/or inactions caused or | ) | |
| contributed to the explosion on May 24, | ) | |
| 2022, which resulted in Scott Whitehead | ) | |
| suffering severe, life-altering injuries, | ) | |
| whose names and identities are unknown | ) | |
| to Plaintiff at this time, but will be | ) | |
| substituted by amendment once | ) | |
| ascertained, | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT RANCO FERTISERVICE, INC.

Plaintiff serves these requests for production of documents upon Defendant RANco Fertiservice, Inc. (also referred to herein as "Ranco"), pursuant to Rule 34 of the *Alabama Rules of Civil Procedure*. Defendant shall produce the following documents and tangible things within 45 days of service of these requests, or within a reasonable time thereafter, as agreed by the parties, or as otherwise ordered by the Court.

## <u>DEFINITIONS & INSTRUCTIONS</u>

1.     Whenever used in this request, the following terms shall have the following meanings:

(a)     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

(b)     "Computer" means all devices utilizing microchips to facilitate processing, analysis, or storage of data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also know as personal digital assistants or PDA's), minicomputers and mainframe computers.

(c)     "Concerning" means relating to, referring to, describing, evidencing, embodying, or constituting.

(d)     "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in *Alabama Rule of Civil Procedure* 34(a), including, without limitations, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

(e)     **"Battery-powered tripper" or "Battery-powered trippers"** shall refer to battery-powered tripper conveyor products designed, marketed, and/or sold by Defendant RANco Fertiservice, Inc., or any of its subsidiaries to be used in the fertilizer industry or any other similar industry.

(f)     "Electronic data" or "data" means the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings and data compilations in any form, and of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronic  data includes, by way of example only, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous file and file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists in an active file, deleted file or file fragment.  Electronic data includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMS, removable media such as ZIP disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and transmittal. The term electronic data also includes the file, folder tabs and containers and labels appended to, or associated with, any physical storage device associated with each original and copy.

(g)     "Electronic media" means any magnetic or other storage media device used to record electronic data. Electronic media devices may include computer memories, hard disks, floppy disks, CD-ROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and transmittal.

(h)     "OSHA" means The Occupational Safety and Health Administration, any committee, subcommittee or advisory committee thereto, and any person, employee or agent acting as a representative thereof.

(i)     "Foreign Government Regulatory Authority" means any agency, committee, subcommittee or advisory committee of any government other than the United States of America, which bears responsibility or exercises authority over the manufacture, distribution, labeling, sale, and marketing of consumer products in any jurisdiction, and any employee or agent acting as a representative thereof.

(j)     "Identify" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(k)     "Identify" with respect to documents, means to give, to extent known, the (I) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

(l)     "Including" or "includes" means including, without limitation.

(m)     "You," "Your," "Yours," or Ranco refers to defendants, as well as all their partners, directors, officers, employees, servants, agents, attorneys, joint ventures, or other representatives, including all corporations and entities affiliated with Ranco and any other named defendants in this lawsuit. The terms "you" or "your" shall also include all foreign parent companies, as well as any foreign subsidiaries' or parent companies' partners, directors, officers, employees, servants, agents, joint ventures or other representatives.

(n)     "Person" means any natural person or any business, legal, or governmental entity or association.

(o)     **"Tripper #9610"** shall refer to the Ranco battery-powered tripper on the 251'-6" tri-roller conveyor being used at the GreenPoint Ag facility in Decatur, Alabama on or about May 24, 2022, with serial #9610.

2.     The following rules of construction apply to all discovery requests:

(a)     The terms "all" and "each" shall be construed as all and each;

3

(b)    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

(c)    The use of the singular form of any word includes the plural and vice versa; and

(d)    Requests that are stated in the present tense include the past tense and those in the past tense include the present tense.

3.    Any document falling within the scope of this request that is withheld on the basis of a claim of privilege, work product, or my other ground is to be identified in writing and must include a statement of the ground alleged for withholding such document, shall identify its date, the identity of its author and signatories, the type of document (e.g., letter), a summary of its content, its present location and custodian, a listing of all persons to whom the contents of such documents have been disclosed and a11 persons who have or have had possession, custody, or control of the documents (or any portions thereof), pursuant to ARCP 26(b)(5).  Notwithstanding the assertion of an objection, any purportedly privileged document containing non-privileged matter must be disclosed with the purportedly privileged portion redacted, with the redacted portion indicated on the document itself and listed on the privilege log to be provided pursuant to this paragraph.

## **DOCUMENTS TO BE PRODUCED**

1.    Please produce all discoverable electronic data, regardless of format, held by the defendant or its subsidiaries, divisions, agents, and/or employees including message content, header information, and logs of email system usage, concerning the following:

(a)    Internal communications in your company concerning design, manufacturing, warnings, labels, instructions, marketing, sales, and/or installation of battery-powered trippers;

(b)    Internal communications in your company concerning or referencing in any way Tripper #9610;

(c)    Internal communications in your company concerning product performance, safety performance, and/or any matter involving product safety issues relative to battery-powered trippers;

(d)    Internal communications in your company concerning product performance, safety performance, and/or any matter involving product safety issues relative to Tripper #9610; and

4

    (e)    Communications with outside sources concerning Defendant Ranco's battery-powered tripper products which in any way relate to product safety performance and/or to product safety issues or concerns, including electronic communications with users or consumers of said products, regulatory agencies, marketing firms, and/or installers of said products.

2.    Any and all documents which relate to the design, manufacture, and/or sale of battery-powered trippers.

3.    Any and all documents which relate to the design, manufacture, sale and/or installation of Tripper #9610.

4.    Any and all contracts for the manufacture, sale or installation of Tripper #9610.

5.    Any and all documents, videos, movies or photographs, which relate and/or depict tests performed by Defendant Ranco, or any corporation, person or entity acting on behalf of Defendant Ranco, or tests independently performed but now in the possession, control, or custody of Defendant Ranco, to evaluate or determine the following in regard to the battery-powered tripper product:

    a.    Product performance;

    b.    Product safety testing;

    c.    Potential safety risks or hazards associated with use of said product;

    d.    Potential safety hazards or risks associated with recharging batteries used to power the product;

    e.    Potential safety risks or hazards associated with hydrogen, or other explosive gases, being emitted/discharged by the batteries during the recharging cycle for said product;

    f.    The explosion proof rating for the control panel box in which the rechargeable batteries are housed on the battery-charged trippers;

    g.    The ability of the control panel box for the battery-powered trippers to withstand the force of an explosion from hydrogen built up therein; and

    h.    The recommended procedures for ventilating rechargeable batteries for the battery-powered trippers during the recharging cycle.

6.    Any and all documents which reflect any instructions and/or training materials that were provided to purchasers of the battery-powered trippers in relation to procedures for recharging the batteries on said products.

7.     Any and all documents which reflect any instructions and/or training materials that were provided to purchasers of the battery-powered trippers in relation to replacement of batteries for said products.

8.     Any and all documents which reflect any instructions and/or training materials that were provided to GreenPoint Ag in relation to procedures for recharging the batteries on Tripper #9610 at any point prior to May 24, 2022.

9.     Any and all documents which reflect any instructions and/or training materials that were provided to GreenPoint Ag in relation to replacement of batteries for Tripper #9610 at any point prior to May 24, 2022.

10.    Any and all technical manuals or drafts of technical manuals related to the battery-powered trippers.

11.    Any and all user manuals, instruction manuals or other documents that Ranco provided to the end purchasers of the battery-powered trippers.

12.    Any user manuals, instruction manuals, or other documents that Defendant Ranco provided to GreenPoint Ag, or anyone working on behalf of GreenPoint Ag in relation to Tripper #9610, at any point in time prior to May 24, 2022.

13.    Any and all documents or materials which reflect warnings provided by Defendant Ranco to the end purchasers or users of the battery-powered tripper units relative to the potential risks or harms associated with rechargeable batteries and/or the process of recharging batteries for said product.

14.    A copy of any design safety standards that apply to the battery-powered tripper units.

15.    A copy of any documents evidencing design safety standards which Defendant Ranco claims to have met in relation to the design and manufacture of the battery-powered tripper units.

16.    Any and all internal design process documents, or any other documents in Defendant's possession, for the battery-powered trippers, related to:

        a.     Design concepts for the battery-powered trippers;

        b.     Design alternatives related to safety concerns or potential safety hazards for the battery-powered trippers;

        c.     The explosion proof requirements for the control panel box of the battery-powered trippers;

      d.      Proper ventilation of the battery-powered trippers' rechargeable batteries during the recharging cycle;

      e.      Power sources utilized for recharging the batteries of the battery-powered trippers; and

      f.      Potential battery charging hazards.

17.      Any and all records reflecting replacement batteries ordered by customers from Defendant Ranco for the battery-powered trippers.

18.      Any and all documents or data which Defendant Ranco has obtained from battery suppliers relative to the rechargeable batteries for the battery-powered trippers, to include but not limited to the following:

      a.      Application guidance;

      b.      Safety information; and/or

      c.      Ventilation requirements during the recharging cycle.

19.      Any and all documents or data which Defendant has obtained from battery charger suppliers relative to the rechargeable batteries for the battery-powered trippers, to include but not limited to the following:

      a.      Application guidance;

      b.      Safety information; and/or

      c.      Ventilation requirements during the recharging cycle.

20.      Produce any and all documents, video, photos or records or any type evidencing any analysis performed by Defendant Ranco, or any individual or entity acting on behalf of Defendant Ranco, relative to the battery-powered trippers, including but not limited to:

      a.      safety analysis;

      b.      hazard analysis;

      c.      failure modes and effects analysis (FMEA); and/or

      d.      fault tree analysis (FTA).

21.      Any and all safety analysis, assessments or certifications by outside organizations (i.e. entities other than Defendant Ranco) relative to the housing for the rechargeable batteries, the

method/process for recharging the batteries and/or the types of rechargeable batteries to be used for the battery-powered trippers.

22.    Any and all documents reflecting analysis performed by Defendant Ranco, or any entity or individual on behalf of Defendant Ranco, regarding the impact or effects of overvoltage conditions upon batteries.

23.    A copy of any and all warnings or warning labels placed by Defendant Ranco, or anyone acting on behalf of Defendant Ranco, on the inside or outside of the battery-powered trippers.

24.    A copy of any and all warnings or warning labels placed by Defendant Ranco, or anyone acting on behalf of Defendant Ranco, on the inside or outside of Tripper #9610.

25.    Any and all documents which reflect in any way a recall notice or warning issued by Defendant Ranco relative to the battery-powered trippers.

26.    Any and all correspondence or documents which reflect warnings or notices from Defendant Ranco or any corporation, person or entity acting on behalf of Defendant Ranco, to customers and/or the ultimate users of Defendant Ranco's battery-powered trippers regarding the recommended method to connect and disconnect the power source during the battery recharging cycle.

27.    Any and all correspondence or documents which reflect warnings or notices from Defendant Ranco or any corporation, person or entity acting on behalf of Defendant Ranco, to customers and/or the ultimate users of Defendant Ranco's battery-powered trippers regarding the recommended method to recharge the batteries.

28.    Any and all correspondence or documents which reflect warnings or notices from Defendant Ranco or any corporation, person or entity acting on behalf of Defendant Ranco, to customers and/or the ultimate users of Defendant Ranco's battery-powered trippers regarding the replacement of the rechargeable batteries for said products.

29.    Any and all recorded statements of Scott Whitehead in this case, or footage taken of Scott Whitehead.

30.    Any and all correspondence and documents which in any way relate to the design or engineering studies or reports that recommend or suggest or request changes in the design of the battery-powered trippers.

31.    Any and all correspondence and documents which in any way relate to studies or reports that recommend or suggest or request changes, revisions, and/or additions to the warnings/warning labels for the battery-powered trippers.

32.    Any and all documents which reflect design plans, design specifications or manufacturer specifications, relative to the battery-powered trippers.

33.    Please produce a copy of all documents Defendant Ranco relies upon to support any affirmative defense set out in Defendant's Answer to Plaintiff's Complaint.

34.    Any and all documents, including electronic data which in any way reflects systems or procedures utilized by Defendant Ranco to monitor the safety performance of its battery-powered tripper products post-sale and installation of said products.

35.    Any and all documents or materials Defendant Ranco provided to OSHA during OSHA's investigation of the incident on which this case is based.

36.    Any and all documents or materials Defendant Ranco received from OSHA, or any OSHA inspectors, relative to the incident on which this case is based.

37.    Any and all documents or materials Defendant Ranco received from OSHA, or any OSHA inspectors, relative to any incident involving an injury allegedly caused by or related to the battery-powered tripper products.

38.    With regard to the battery-powered trippers, please produce any and all documents and records which are sufficient to identify by name, job title, and latest known work address the following individuals:

(a)    The designer(s) of said product(s);

(b)    Chief and/or senior engineer over the design of said product(s);

(c)    The architect, draftsman, or designer of the manufacturing specifications for said product;

(d)    The individual(s) in charge of pre-market testing and/or safety performance evaluation of said product(s);

(e)    The individual(s) in charge of post-market testing and/or monitoring of safety performance of said product(s);

(f)    The individual(s) responsible for receiving and/or evaluating consumer complaints relative to said product(s);

(g)    The individual(s) responsible for the development, design and placement of warnings on or in the battery-powered trippers; and

(h)    The individual(s) responsible for determining the need for warnings or warning labels on or inside the battery-powered trippers.

39.     Any and all documents relating to the approval of the final design of the battery-powered tripper product.

40.     Any and all documents that identify, reflect, and describe all studies, investigations, and/or surveys concerning the effectiveness of warnings or instructions provided by Defendant Ranco to the end purchasers and users of the battery-powered trippers.

41.     Any and all documents and materials which reflect complaints or communications received by Defendant Ranco in which injuries or death have been reported with the usage of Defendant Ranco's battery-powered trippers.

42.     Any and all materials, video tapes, and/or films, photos, and/or movies which depict Defendant Ranco's recommendation as to how to properly recharge or replace batteries for the battery-powered trippers.

43.     All of Defendant Ranco's document retention or document destruction policies and memoranda in effect for the past five years.

44.     Any and all documents evidencing corporate product safety program procedures, guidelines, standards, and policies for defendant which defendant claims to be applicable to its battery-powered tripper products.

45.     Any and all documents which evidence or outline a system safety program plan(s) which are specifically for or includes the battery-powered tripper products.

46.     Any and all documents evidencing safety assessments of predecessor battery-powered machinery or equipment that were utilized by Defendant Ranco as "lessons learned" in the development of the battery-powered trippers.

47.     Any and all documents evidencing corporate procedures by Defendant Ranco for tracking and assessing hazards associated with the battery-powered trippers.

48.     Any and all documents evidencing safety standards and/or standards utilized across the board for all of Defendant Ranco's conveyor products or battery-powered products to be used within the fertilizer industry.

49.     Any and all documents which reflect corporate safety design guidelines utilized by Defendant Ranco in the design and development process of its conveyor products and/or battery-powered products utilized in the fertilizer industry.

50.     Any and all documents which evidence system safety analysis guidelines, procedures, techniques, or policies maintained by Defendant Ranco which are relative to all of the machinery or equipment products manufactured, distributed, and/or sold by Defendant Ranco to customers in the fertilizer industry.

51.     Any and all documents which reflect any logs of hazards tracked during the

development of the battery-powered tripper products.

52.    Any and all documents which reflect hazard ranking methodologies utilized during the development of Defendant Ranco's equipment and manufacturing products that are sold to customers in the fertilizer industry.

53.    Any and all documents which reflect guidelines for acceptability of risk in the products manufactured, sold, and/or distributed by Defendant Ranco.

54.    Any and all documents which reflect risk acceptance policies, guidelines, and practices utilized by Defendant Ranco in the design and development of products which it manufactures, sells, and/or distributes to customers in the fertilizer industry.

55.    Any and all documents which reflect Defendant Ranco's corporate policies, procedures, and guidelines concerning recall of its products which are found to present a potential hazard after sale, distribution and/or installation.

56.    Any and all documents which reflect communications to and from any domestic or foreign governmental regulatory authority relative to the battery-powered tripper products.

57.    Any and all expert reports that were or will be relied upon in whole or in part by any expert testifying on behalf of defendant in this case.

58.    Any and all work papers, notes, documents in the file of any expert witness who is expected to testify, or in the file of any expert witness who has written a report which is or will be relied upon in whole or in part by a testifying expert.

59.    Any and all documents or tangible things prepared by any expert whom you expect to call as a witness, including but not limited to those which would include his/her report, factual observations, opinions, conclusions, photographs, field notes, calculations, models, and exhibits.

60.    Any and all treatises or authoritative literature which any expert called by defendant intends to rely on to testify in this case.

61.    A current copy of the curriculum vitae or resume of any expert who defendant expects to call as a witness at trial.

62.    Produce any and all documents which reflect testing or a safety assessment/analysis of the 120 vac receptacle (also referred to as the charging port component part) for the control panel for Ranco's battery-powered trippers.

63.    Any and all documents or materials, videos, photos, or other tangible evidence of any testing or safety analysis performed to determine the explosion proof rating for the control panel box which houses the rechargeable batteries and the control panel for the Ranco battery-powered trippers.

64.     Any and all documents or materials, videos, photos, or other tangible evidence of any testing or safety analysis performed to determine the explosion proof rating for the 120 vac receptacle (charging port component part) for the control panel box for the Ranco battery-powered trippers.

65.     Any and all instructions, warnings, or documentation of any type provided to Ranco by the manufacturer of the box used to house the control panel and batteries for Ranco's battery-powered trippers relative to said product.

66.     Any and all instructions, warnings, or documentation of any type provided to Ranco by the manufacturer of the 120 vac receptacle (charging port component part) for the control panel box for the Ranco battery-powered trippers.

MARTIN & HELMS, P.C.
Attorney for Scott Whitehead
2317 Market Place SW, Ste. A
P.O. Box 2527
Huntsville, Alabama 35804
(256)539-1990


/s/ M. Clay Martin
M. Clay Martin

/s/ Tara L. Helms
Tara L. Helms

## TO BE SERVED WITH SUMMONS AND COMPLAINT

Defendant's Address:

RANco FertiService, Inc.
c/o Business Filings Inc.
2 N. Jackson St., Ste. 605
Montgomery, AL 36104



AlaFile E-Notice

52-CV-2023-900229.00

To:  M CLAY MARTIN
     Martin@martinhelms.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

SCOTT WHITEHEAD V. GREENPOINT AG HOLDINGS, LLC. ET AL
52-CV-2023-900229.00

The following complaint was FILED on 6/21/2023 4:57:58 PM

Notice Date:    6/21/2023 4:57:58 PM

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



AlaFile E-Notice

52-CV-2023-900229.00

To:  GREENPOINT AG HOLDINGS, LLC.
C/O CORPORATION SERVICECO
641 S. LAWRENCE ST.
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

SCOTT WHITEHEAD V. GREENPOINT AG HOLDINGS, LLC. ET AL
52-CV-2023-900229.00

The following complaint was FILED on 6/21/2023 4:57:58 PM

Notice Date:      6/21/2023 4:57:58 PM

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



AlaFile E-Notice

52-CV-2023-900229.00

To:  RANCO FERTISERVICE, INC.
C/O BUSINESS FILINGS, INC
2 N. JACKSON ST. STE. 605
MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

SCOTT WHITEHEAD V. GREENPOINT AG HOLDINGS, LLC. ET AL
52-CV-2023-900229.00

The following complaint was FILED on 6/21/2023 4:57:58 PM

Notice Date:     6/21/2023 4:57:58 PM

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>52-CV-2023-900229.00 |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA**
**SCOTT WHITEHEAD V. GREENPOINT AG HOLDINGS, LLC. ET AL**

**NOTICE TO:** GREENPOINT AG HOLDINGS, LLC., C/O CORPORATION SERVICECO 641 S. LAWRENCE ST., MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), M CLAY MARTIN

                                                                                            ,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2317 Market Place SW, Ste. A, HUNTSVILLE, AL 35801                                    .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of SCOTT WHITEHEAD

pursuant to the Alabama Rules of the Civil Procedure.                                    *[Name(s)]*

| 06/21/2023 | /s/ CHRIS PRIEST | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.        /s/ M CLAY MARTIN

                                                            *(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on                                    .

                                                                            *(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

                                in                                County,

*(Name of Person Served)*                            *(Name of County)*

Alabama on                            .

                    *(Date)*

_____        _____        _____
*(Type of Process Server)*            *(Server's Signature)*                *(Address of Server)*

                            _____        _____
                            *(Server's Printed Name)*            *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>52-CV-2023-900229.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA**
**SCOTT WHITEHEAD V. GREENPOINT AG HOLDINGS, LLC. ET AL**

**NOTICE TO:** RANCO FERTISERVICE, INC., C/O BUSINESS FILINGS, INC 2 N. JACKSON ST. STE. 605, MONTGOMERY, AL 36104
<em>(Name and Address of Defendant)</em>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), M CLAY MARTIN
<em>[Name(s) of Attorney(s)]</em>

WHOSE ADDRESS(ES) IS/ARE: 2317 Market Place SW, Ste. A, HUNTSVILLE, AL 35801
<em>[Address(es) of Plaintiff(s) or Attorney(s)]</em>

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

<strong>TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:</strong>

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of SCOTT WHITEHEAD pursuant to the Alabama Rules of the Civil Procedure.
<em>[Name(s)]</em>

| 06/21/2023 | /s/ CHRIS PRIEST | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ M CLAY MARTIN
<em>(Plaintiff's/Attorney's Signature)</em>

<strong>RETURN ON SERVICE</strong>

☐ Return receipt of certified mail received in this office on _____.
<em>(Date)</em>

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____ in _____ County,

Alabama on _____.
<em>(Date)</em>

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

| State of Alabama Unified Judicial System Form C-34  Rev. 4/2017 | SUMMONS - CIVIL - | Court Case Number 52-CV-2023-900229.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA
### SCOTT WHITEHEAD V. GREENPOINT AG HOLDINGS, LLC. ET AL

NOTICE TO: RANCO FERTISERVICE, INC., C/O BUSINESS FILINGS, INC 2 N. JACKSON ST. STE. 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), M CLAY MARTIN

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2317 Market Place SW, Ste. A, HUNTSVILLE, AL 35801

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of SCOTT WHITEHEAD pursuant to the Alabama Rules of the Civil Procedure.

*(Name(s))*

| 06/21/2023 | /s/ CHRIS PRIEST | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.        /s/ M CLAY MARTIN

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☑ Return receipt of certified mail received in this office on  6/29/2023 .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

| _____ | _____ | _____ |
|---|---|---|
| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| | _____ | _____ |
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

### 52-CV-2023-900229.00
SCOTT WHITEHEAD V. GREENPOINT AG HOLDINGS, LLC. ET AL

| C001 - SCOTT WHITEHEAD | v. | D002 - RANCO FERTISERVICE, INC. |
|---|---|---|
| *(Plaintiff)* | | *(Defendant)* |



**SERVICE RETURN CO**

DOCUMENT 11

ELECTRONICALLY FILED
6/30/2023 9:52 AM
52-CV-2023-900229.00
CIRCUIT COURT OF
MORGAN COUNTY, ALABAMA
CHRIS PRIEST, CLERK



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ranco FertiService, Inc.
c/o Business Filings, Inc.
2 N. Jackson St. Ste. 605
Montgomery, AL 36104

9590 9402 8091 2349 6945 19

2. Article Number (Transfer from service label)

7022 3330 0000 5498 2062

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Tiffany Ford_  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Tiffany Ford                    6/26/23

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☑ No

3. Service Type
☑ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery ($500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

DOCUMENT 11



DOCUMENT 11



AlaFile E-Notice

52-CV-2023-900229.00

To:   Tara Laine Helms Mrs.
      helms@martinhelms.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

SCOTT WHITEHEAD V. GREENPOINT AG HOLDINGS, LLC. ET AL
52-CV-2023-900229.00

The following RETURN ON SERVICE - SERVED was FILED on 6/30/2023 9:52:42 AM

Notice Date:      6/30/2023 9:52:42 AM

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



AlaFile E-Notice

52-CV-2023-900229.00

To:  GREENPOINT AG HOLDINGS, LLC. (PRO SE)
     C/O CORPORATION SERVICECO
     641 S. LAWRENCE ST.
     MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

SCOTT WHITEHEAD V. GREENPOINT AG HOLDINGS, LLC. ET AL
52-CV-2023-900229.00

The following RETURN ON SERVICE - SERVED was FILED on 6/30/2023 9:52:42 AM

Notice Date:     6/30/2023 9:52:42 AM

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



AlaFile E-Notice

52-CV-2023-900229.00

To:   RANCO FERTISERVICE, INC. (PRO SE)
      C/O BUSINESS FILINGS, INC
      2 N. JACKSON ST. STE. 605
      MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

SCOTT WHITEHEAD V. GREENPOINT AG HOLDINGS, LLC. ET AL
52-CV-2023-900229.00

The following RETURN ON SERVICE - SERVED was FILED on 6/30/2023 9:52:42 AM

Notice Date:     6/30/2023 9:52:42 AM

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



AlaFile E-Notice

52-CV-2023-900229.00

To:   MARTIN MARSHALL CLAY
      Martin@martinhelms.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

SCOTT WHITEHEAD V. GREENPOINT AG HOLDINGS, LLC. ET AL
52-CV-2023-900229.00

The following RETURN ON SERVICE - SERVED was FILED on 6/30/2023 9:52:42 AM

Notice Date:      6/30/2023 9:52:42 AM

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



AlaFile E-Notice

52-CV-2023-900229.00

To:  Tara Laine Helms Mrs.
     helms@martinhelms.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

SCOTT WHITEHEAD V. GREENPOINT AG HOLDINGS, LLC. ET AL
52-CV-2023-900229.00

The following RETURN ON SERVICE - SERVED was FILED on 6/30/2023 9:52:42 AM

Notice Date:     6/30/2023 9:52:42 AM

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>52-CV-2023-900229.00 |
| --- | --- | --- |

### IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA
### SCOTT WHITEHEAD V. GREENPOINT AG HOLDINGS, LLC. ET AL

**NOTICE TO:** GREENPOINT AG HOLDINGS, LLC., C/O CORPORATION SERVICECO 641 S. LAWRENCE ST., MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
M CLAY MARTIN
,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2317 Market Place SW, Ste. A, HUNTSVILLE, AL 35801 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of SCOTT WHITEHEAD
pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 06/21/2023 | /s/ CHRIS PRIEST | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ M CLAY MARTIN

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☑ Return receipt of certified mail received in this office on    6/30/2023    .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*      *(Name of County)*

Alabama on _____

*(Date)*

_____   _____   _____
*(Type of Process Server)*      *(Server's Signature)*      *(Address of Server)*

_____   _____
*(Server's Printed Name)*      *(Phone Number of Server)*

### 52-CV-2023-900229.00
### SCOTT WHITEHEAD V. GREENPOINT AG HOLDINGS, LLC. ET AL

| C001 - SCOTT WHITEHEAD | v. | D001 - GREENPOINT AG HOLDINGS, LLC. |
| --- | --- | --- |
| *(Plaintiff)* | | *(Defendant)* |



**SERVICE RETURN CO**

ELECTRONICALLY FILED
6/30/2023 12:49 PM
52-CV-2023-900229.00
CIRCUIT COURT OF
MORGAN COUNTY, ALABAMA
CHRIS PRIEST, CLERK

DOCUMENT 13

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

GreenPoint Ag Holdings, LLC
c/o Corporation Service Co. Inc.
641 S. Lawrence Street
Montgomery, AL 36104

9590 9402 8091 2349 6945 26

2. Article Number (Transfer from service label)

7022 3330 0000 5498 2055

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Kelly Webster_   ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

6-26-23

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☑ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

DOCUMENT 13

USPS TRACKING #

9590 9402 8091 2349 6945 26

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Martin & Helms, P.C.
2317 Market Place SW, Ste. A
Huntsville, AL 35801

DOCUMENT 13



AlaFile E-Notice

52-CV-2023-900229.00

To:  Tara Laine Helms Mrs.
    helms@martinhelms.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

SCOTT WHITEHEAD V. GREENPOINT AG HOLDINGS, LLC. ET AL
52-CV-2023-900229.00

The following RETURN ON SERVICE - SERVED was FILED on 6/30/2023 12:49:34
PM

Notice Date:     6/30/2023 12:49:34 PM

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



AlaFile E-Notice

52-CV-2023-900229.00

To: GREENPOINT AG HOLDINGS, LLC. (PRO SE)
C/O CORPORATION SERVICECO
641 S. LAWRENCE ST.
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

SCOTT WHITEHEAD V. GREENPOINT AG HOLDINGS, LLC. ET AL
52-CV-2023-900229.00

The following RETURN ON SERVICE - SERVED was FILED on 6/30/2023 12:49:34
PM

Notice Date:     6/30/2023 12:49:34 PM

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



AlaFile E-Notice

52-CV-2023-900229.00

To:   RANCO FERTISERVICE, INC. (PRO SE)
      C/O BUSINESS FILINGS, INC
      2 N. JACKSON ST. STE. 605
      MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

SCOTT WHITEHEAD V. GREENPOINT AG HOLDINGS, LLC. ET AL
52-CV-2023-900229.00

The following RETURN ON SERVICE - SERVED was FILED on 6/30/2023 12:49:34
PM

Notice Date:     6/30/2023 12:49:34 PM

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



AlaFile E-Notice

52-CV-2023-900229.00

To:  MARTIN MARSHALL CLAY
     Martin@martinhelms.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

SCOTT WHITEHEAD V. GREENPOINT AG HOLDINGS, LLC. ET AL
52-CV-2023-900229.00

The following RETURN ON SERVICE - SERVED was FILED on 6/30/2023 12:49:34
PM

Notice Date:     6/30/2023 12:49:34 PM

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



AlaFile E-Notice

52-CV-2023-900229.00

To:   Tara Laine Helms Mrs.
      helms@martinhelms.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

SCOTT WHITEHEAD V. GREENPOINT AG HOLDINGS, LLC. ET AL
52-CV-2023-900229.00

The following RETURN ON SERVICE - SERVED was FILED on 6/30/2023 12:49:34
PM

Notice Date:      6/30/2023 12:49:34 PM

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov

ELECTRONICALLY FILED
7/12/2023 4:33 PM
52-CV-2023-900229.00
CIRCUIT COURT OF
MORGAN COUNTY, ALABAMA
CHRIS PRIEST, CLERK

# IN THE CIRCUIT COURT OF
# MORGAN COUNTY, ALABAMA

SCOTT WHITEHEAD,         )
                        )

       Plaintiff,       )
                        )     CIVIL ACTION NO:

vs.                   )
                        )     52-CV-2023-900229

GREENPOINT AG HOLDINGS, LLC,  )
*et al.*,               )
                        )
       Defendants.

## *ANSWER*

Comes now the defendant, Greenpoint AG Holdings, LLC, and for answer to the plaintiff's Complaint, this defendant states as follows:

This defendant admits that the plaintiff suffered a compensable, on-the-job injury on or about May 24, 2022, and denies the other material averments of the plaintiff's complaint and demands strict proof thereof. This defendant pleads that the plaintiff's exclusive remedy against it is through the Alabama Workers' Compensation Act and to the extent that the plaintiff's complaint purports to make any claim against this defendant other than a claim for Workers' Compensation benefits in Count V, any such claim and/or allegations are denied. The defendant additionally pleads the following defenses:

### FIRST DEFENSE

Defendant pleads the general issue of not guilty and denies that the plaintiff is entitled to any further benefits under the Workers' Compensation Law of the state of Alabama.

### SECOND DEFENSE

Defendant denies each and every other material allegation contained in plaintiff's Complaint and demands strict proof thereof.

**THIRD DEFENSE**

To the extent that plaintiff has received or will receive damages from a third party pursuant to Section 25-5-11, ALA. CODE, as amended, as a result of the accident the subject of this case, or to the extent that the defendant employer has made advance payments or benefits available to plaintiff, the defendant hereby claims credit or off-set pursuant to the Workers' Compensation Law of Alabama.

**FOURTH DEFENSE**

Defendant denies that some of the plaintiff's claimed injuries are related to the plaintiff's employment with this defendant.

**FIFTH DEFENSE**

This defendant pleads the general issue.

**SIXTH DEFENSE**

This defendant additionally pleads that it is entitled to statutory subrogation with regard to any amount recovered by the plaintiff through his claims against third parties.


_____

Christopher C. Shepherd (SHE053)
Attorney for Defendant
*Greenpoint AG Holdings, LLC*


***OF COUNSEL***
100 Concourse Parkway, Suite 155
Birmingham, Alabama 35244
(205) 909-2074 *Telephone*
(877) 369-4895 *E-Facsimile*
Christopher.Shepherd@TheHartford.com

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have, on July 12, 2023, served a copy of the above and foregoing Answer upon the following counsel of record by electronic filing and/or placing same in the U.S. mail, first-class and postage prepaid:

Tara L. Helms, Esq.
M. Clay Martin, Esq.
Martin & Helms, P.C.
2317 Market Place SW - Suite A
Huntsville, AL  35804
helms@martinhelms.com
martin@martinhelms.com


_____
OF COUNSEL



AlaFile E-Notice

52-CV-2023-900229.00

To:   CHRISTOPHER C. SHEPHERD MR.
      christopher.shepherd@thehartford.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

SCOTT WHITEHEAD V. GREENPOINT AG HOLDINGS, LLC. ET AL
52-CV-2023-900229.00

The following answer was FILED on 7/12/2023 4:33:05 PM

Notice Date:      7/12/2023 4:33:05 PM

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



AlaFile E-Notice

52-CV-2023-900229.00

To:  GREENPOINT AG HOLDINGS, LLC. (PRO SE)
C/O CORPORATION SERVICECO
641 S. LAWRENCE ST.
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

SCOTT WHITEHEAD V. GREENPOINT AG HOLDINGS, LLC. ET AL
52-CV-2023-900229.00

The following answer was FILED on 7/12/2023 4:33:05 PM

Notice Date:     7/12/2023 4:33:05 PM

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



AlaFile E-Notice

52-CV-2023-900229.00

To:  RANCO FERTISERVICE, INC. (PRO SE)
     C/O BUSINESS FILINGS, INC
     2 N. JACKSON ST. STE. 605
     MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

SCOTT WHITEHEAD V. GREENPOINT AG HOLDINGS, LLC. ET AL
52-CV-2023-900229.00

The following answer was FILED on 7/12/2023 4:33:05 PM

Notice Date:      7/12/2023 4:33:05 PM

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



AlaFile E-Notice

52-CV-2023-900229.00

To:  MARTIN MARSHALL CLAY
     Martin@martinhelms.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

SCOTT WHITEHEAD V. GREENPOINT AG HOLDINGS, LLC. ET AL
52-CV-2023-900229.00

The following answer was FILED on 7/12/2023 4:33:05 PM

Notice Date:    7/12/2023 4:33:05 PM

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



AlaFile E-Notice

52-CV-2023-900229.00

To:  HELMS TARA LAINE
     helms@martinhelms.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

SCOTT WHITEHEAD V. GREENPOINT AG HOLDINGS, LLC. ET AL
52-CV-2023-900229.00

The following answer was FILED on 7/12/2023 4:33:05 PM

Notice Date:    7/12/2023 4:33:05 PM

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov

ELECTRONICALLY FILED
7/12/2023 4:37 PM
52-CV-2023-900229.00
CIRCUIT COURT OF
MORGAN COUNTY, ALABAMA
CHRIS PRIEST, CLERK

**IN THE CIRCUIT COURT OF MORGAN COUNTY, A**

| | | |
|---|---|---|
| SCOTT WHITEHEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO: |
| vs. | ) | |
| | ) | 52-CV-2023-900229 |
| GREENPOINT AG HOLDINGS, , LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### *NOTICE OF SERVICE OF DISCOVERY*

**TO:** Clerk of Circuit Court                    **DATE:** July 12, 2023

The undersigned has served upon all counsel of record the following discovery:

*1.*        ***Defendant's Interrogatories and Request for Production to Plaintiff***

_____
Christopher C. Shepherd (SHE053)
Attorney for Defendant - *Greenpoint AG Holdings, LLC*

*Law Offices Of Philip G. Smith*
100 Concourse Parkway, Suite 155
Birmingham, Alabama 35244
(205) 909-2074 *Telephone*
(877) 369-4895 *E-Facsimile*
Christopher.Shepherd@thehartford.com

### <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have, on July 12, 2023, served a copy of the above and foregoing Notice of Filing Discovery upon the following counsel of record by electronic filing and/or placing same in the U.S. mail, first-class and postage prepaid:

Tara L. Helms, Esq.
M. Clay Martin, Esq.
Martin & Helms, P.C.
2317 Market Place SW - Suite A
Huntsville, AL  35804
helms@martinhelms.com
martin@martinhelms.com

_____
OF COUNSEL